GEORGE *v.* GEORGE, ADMR.

(Decided May 26, 1924.)

*Mr. Edwin E. Miller* and *Messrs. Treadway & Marlatt,* for plaintiff in error.

*Mr. W. K. Gardner,* for defendant in error.

LEVINE, J. In this case August H. George and Estella George, husband and wife, purchased certain property subject to three mortgages, which they assumed and agreed to pay. Upon the husband's death the Probate Court held that the widow was entitled to dower out of the surplus only after payment of these mortgages. In effect the Probate Court held that these mortgages are to be considered as if they were purchase-money mortgages, because they were assumed at the time of the purchase of the property, and constituted part of the purchase price. This decision of the Probate Court was affirmed in the Common Pleas Court.

The case of *In Re Hays,* 104 C. C. A., 656, 181 F., 674, opinion by Judge Warrington, completely covers the point involved in the case at bar. In that case the husband purchased the property subject to a mortgage which he assumed. The record does not show whether the conditions of the mortgage were broken before he purchased the same or not. The court held

that this was a purchase money mortgage as it was assumed by him as part of the purchase price. On page 659 of 104 C. C. A. (181 F., 677), the court said:

"When determining the value of this right in mortgaged property, difficulty is met in trying to ascertain the precise meaning of the phrase, 'real property of which the deceased consort was seized as an estate of inheritance at any time during the marriage.' Is the value to be estimated, say in the present case, according to the legal estate alone or according to the legal estate and beneficial estate together, which the husband held in his own right in real property at any time during the marriage."

On page 661 of 104 C. C. A. (181 F., 679), the court said:

"If the husband possessed an unincumbered fee-simple title, the dowable interest extends to the whole estate; and a mortgage of such property by the husband with release of dower by the wife to secure a debt of his own entitles her to the rights of a surety, and to her original dowable interest in the whole property or its proceeds when the debt of the husband is paid."

The court held in that case that the widow was dowable only out of the beneficial interest which the husband owned during coverture.

The decision of the Common Pleas Court is, therefore, affirmed.

*Judgment affirmed.*

VICKERY, P. J., and SULLIVAN, J., concur.