No. 713
KELLY v. DIGNAN et
Ohio Appeals, 7th Dist., Mahoning Co.
Decided March 20, 1925

419. DOWER—Goes to widow where mortgage on estate is result of a loan, of which son by former marriage is beneficiary, when deceased husband signs mortgage and note, it being indicative that he assumed the debt.

FARR, J.

Catherine Kelly brought her action in the Mahoning Common Pleas for assignment of dower in property set out and described in her petition. Judgment was in her favor and commissioners were appointed to assign dower. Certain directions were given to them as to what deductions should be made if the assignment was made out of rents and profits. The commissioners reported their inability to as-

sign by metes and bounds and made the assignment in rents and profits, making no deductions for interest on the mortgage, water rents or insurance, and only for taxes and improvements.

Catherine Kelly was married to decedent, James Kelly in 1914, he being seized of certain property until his death, in 1923. Prior thereto, he and his wife made and executed to the Dollar Savings and Trust Co. a promissory note secured by a mortgage, for $3000. One Fitzgibbon had repaid $600 of that amount leaving a balance of $2400 at the time of Kelly's death. It was alleged that some arrangement was made between Catherine Kelly and the heirs of James Kelly with reference to the sequestration of the rents and profits of the Savings Co.

The case was appealed and it was contended by Mary Dignan and Margaret Kelly, daughters of the decedent by a previous marriage, that the mortgage in question was not the debt of Kelly but was in fact the debt of his wife, in that her son by a previous marriage one, W. J. Fitzgibbon, was the beneficiary of the loan and that the money was borrowed to enable him to go into business. It was further contended that the debt is the thing and controls, and that Catherine Kelly is not entitled to dower in all the premises, but only in the equity of redemption; that is dower in the amount over and above the mortgage indebtedness. The Court of Appeals held:

1. "Where the wife has joined in a mortgage of the husband's lands to secure his debt, upon a judicial sale of the premises, she may have the value of her contingent right of dower in the entire proceeds ascertained and the husband's entire interest therein shall be exhausted to pay the debt before resorting to the interest of the wife therein." Mandel v. McClave et. 46 OS. 407.

2. Fitzgibbon may have been the beneficiary of the loan, but Kelly had a perfect right to make the loan and turn the money over to him, and the fact that he mortgaged his property and signed the mortgage and promissory note indicates rather strongly that he recognized the debt as his own.

3. The fact that Catherine Kelly joined in the instrument and that the money was transferred to her son does not indicate that it was her debt; consequently her undertaking to reimburse the Dollar Savings & Trust Co. was only to the extent of her dower interest in the property, and if the property was sufficiently valuable to pay dower over and above the

amount of the mortgage it should be predicated on the value of the whole estate.

4. "In assigning dower in a special manner of a third party the rents and profits, deductions should be made from gross rents of the estate for reasonable repairs and taxes, but no deductions should be made as to the water rents or insurance." Hellgartner v. Gebhart, 25 OS. 557.

5. Trial court was correct in direction to commissioners that there be no deduction for the interest accruing upon the mortgage, because the interest accruing thereon was part of the mortgage.

Attorneys—Craver, Diser, Huey & Starrs for Kelly; John J. Boyle for Dignan et; all of Youngstown.