# STROUSS-HIRSHBERG CO v DAVIDSON

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 11, 1935

Shermer & Goldstein, Youngstown, for plaintiff in error.

S. S. Davidson, Youngstown, for defendant in error.

## OPINION

By ROBERTS, J.

In the case of **Wangerien et v Aspell et,** 47 Oh St, 250, the second paragraph of the syllabi reads:

"While good practice requires that all the parties to a judgment that is sought to be reversed by this court should be made parties herein, if their interests might be affected by any judgment this court might render in the cause; yet it is not in all cases necessary to give the court jurisdiction over the subject matter of the proceeding. It is sufficient for that purpose if the party in whose favor the judgment was rendered and who represents the absent parties, as the receiver does in this case, is before the court."

In the case of **Roberts v Roberts, 61 Oh St, 96,** the fourth paragraph of the syllabi is as follows:

"In such petition in error it is sufficient if all the parties in interest in the judgment sought to be reversed are made parties. When nothing is claimed for or against the party in the pleadings and nothing is adjudged for or against him in the judgment, it is not error to omit such party from proceedings in error."

In **Haldeman, Admr. v Pace, 125 Oh St, 53,** the syllabus reads as follows:

"In a proceeding in error only parties in interest in the judgment sought to be reversed need be made parties. It is not error to omit a party where nothing has been adjudged either for or against him. (Roberts, Exr. v Roberts, 61 Oh St, 96, fourth proposition of the syllabus approved and followed).

Much of interest may be found in the opinions in these cases cited. No allegations are made against the defendants, George L. Oles and the Century Indemnity Company. The object of the proceeding is that in case the defendant, Samuel S. Davidson, should ultimately recover judgment or establish a right against Mr. Oles and the Indemnity Company, by reason of the action commenced against Oles and the Indemnity Company for damages for a personal tort, namely the incurring of ptomaine poisoning while eating at Oles' restaurant, then a right may be established in the plaintiff to secure liquidation of its claim out of the claim of Davidson v Oles.

It is said in the hearing that Davidson now has no pending suit such as has been alleged, that it has been dismissed and is out of court. That, however, does not affect the present issues. Oles and the Indemnity Company have not been active in this case. Neither of them filed any answer and have taken no apparent interest in the case. If the demurrer should be overruled and the cause remanded, it goes back to the original action for hearing, in which Oles and the Indemnity Company are still parties.

In view of the authorities cited and the allegations in these pleadings, this court is of the opinion that the motion of Davidson to dismiss the petition in error, for failure to get service on Oles and the Indemnity Company, should be and is overruled.

We come now to a consideration of the other issue, as to whether or not the Court of Common Pleas committed reversible error in sustaining a demurrer to the petition, or, in other words, did the petition state a cause of action?

Some question was made upon the proposition as to whether or not it was necessary in this case to allege the issuing of an execution against Davidson and its return unsatisfied preliminary to maintaining this action as a creditor's bill. The petition in this case is substantially in the form provided for actions of like nature in Bates Pleading and Practice, Parties and Forms, 4 Ed., 1191, in which it is held, and authorities cited therefore, that the allegation that Davidson has not personal or real property properly subject to levy on execution sufficient to satisfy said judgment, is sufficient without the allegation of an issuance and unsatisfied return of an execution.

This action is founded upon §11760 GC, which reads, so far as pertinent, as follows:

"When a judgment debtor has not personal or real property subject to levy on execution sufficient to satisfy the judgment, any equitable interest which he has in real estate as mortgagor * * * or in a money contract, claim or chose in action, due or to become due to him * * * shall be subject to the payment of the judgment by action."

Further question has arisen in view of the reliance upon this statutory authority as to whether an unliquidated claim for tort

is a chose in action, or what in fact is a chose in action.

Upon this proposition, attention is directed to the case of **Cincinnati v Hafer, 49 Oh St, 60,** in which the syllabus reads as follows:

"Where a judgment debtor has commenced an action against another, for unliquidated damages arising out of an injury to his real estate, and the judgment creditor of such debtor, thereafter, and while his judgment is alive, commences a suit under §5464 of the Revised Statutes, in the nature of a creditor's bill, against such debtor and the wrongdoer, to subject to the payment of his judgment, the debtor's interest in the chose in action or claim for damages, the judgment creditor may acquire a lien in equity upon such interest of the debtor. from the commencement of his suit, where the demand of the judgment debtor for unliquidated damages is reduced to judgment during the pendency of the creditor's bill.

Such judgment creditor, by permitting his original judgment. to become dormant, through failure to issue execution thereon, during the pendency of his suit, in the nature of a creditor's bill, will not, thereby, lose the lien in equity, which he may have acquired by reason of his having commenced such suit."

In the opinion of this case, page 64, it is said:

"The main question arising on the record is, whether Mrs. Teetor's demand against the city for unliquidated damages, was of such a nature, that before it was reduced to judgment, Hafer, a judgment creditor, could, by a suit in the nature of a creditor's bill against her and the city of Cincinnati, acquire a lien in equity on her interest in such demand, and become entitled to payment of the same, in the event of succeeding in his suit."

It will thus be observed that there is a striking similarity between this authority, now cited, and the instant case. The text continues:

"It is contended, that the demand of Mrs. Teetor against the city was for damages unliquidated, growing out of a tort, and was not, therefore, until reduced to judgment, such an interest as might, under the statute, be subjected by the judgment creditor to the payment of his judgment. * * * Mrs. Teetor's demand for damages on account of injury to her land, did not, it is

true, rest on a money contract, but it was nevertheless a chose in action. While by a chose in action is ordinarily understood a right of action for money arising under contract, the term is undoubtedly of much broader significance, and includes the right to recover pecuniary damages for a wrong inflicted either upon the person or property. It embraces demands arising out of a tort, as well as causes of action originating in the breach of a contract."

Herein we find a definition by the Supreme Court of a chose in action. Time will not be taken to quote further from the opinion. The findings in this case and the disposition made of it is regarded as a determination for this court of the question at issue. The final conclusion therefore is that the petition was not subject to the demurrer. and that the demurrer should not have been sustained, and that in so doing and in rendering final judgment, the Court of Common Pleas committed reversible error, for all of which the cause is reversed and remanded.

**CARTER** and **NICHOLS, JJ,** concur.