Weygandt, C. J.
 

 The single, decisive question requiring the consideration of the court is presented by the first ground of the demurrer challenging the sufficiency of the operative facts alleged. In other words, conceding the truth of the somewhat meager factual allegations in the plaintiff’s amended petition, is a cause of action stated?
 

 A study of the plaintiff’s briefs discloses that he
 
 *95
 
 relies chiefly upon the decision of the Court of Appeals of Monroe county in the case of
 
 State, ex rel. Fulton,
 
 v.
 
 Loar.
 
 In so doing he apparently has overlooked the fact that the questioned conveyance in that case was executed in the year 1930 when Section 8606, General Code, providing for vested dower was still in effect. That section was of course repealed and replaced by Section 10502-1, General Code (114 Ohio Laws, 337), which became effective January 1, 1932. The latter section provides for
 
 inchoate
 
 dower but not for
 
 vested
 
 dower. An examination of the opinion in the
 
 Loar case, supra,
 
 clearly shows that the only dower there involved was vested or consummate. On the other hand the only dower involved in the instant case is merely inchoate or contingent, and furthermore the three questioned conveyances were executed May 8, 1935 — more than three years after the effective date of Section 10502-1, General Code, which makes no provision for vested dower. According to the general rule a mere inchoate right of dower cannot be reached by a creditor’s bill. 19 Corpus Juris, 494; 17 American Jurisprudence, 702.
 

 The judgments of the lower courts sustaining the demurrer to the amended petition are affirmed.
 

 Judgment affirmed.
 

 Day, Zimmerman, Matthias and Hart, JJ., concur. Williams, J., dissents.