VAN HOOSE, ADMX., APPELLANT, *v.* FRENCH ET AL., APPELLEES.

(No. 234—Decided September 19, 1944.)

*Mr. O. H. Mosier* and *Mr. Carl H. Valentine,* for appellant.

*Mr. Edmond N. Yantes,* for appellees Homer C. French and Bessie Lee French.

*Mr. Theodore D. Stevenson,* for appellees Ervin Moore, C. Henry Moore and Harry E. Henry.

MONTGOMERY, P. J. On September 3, 1929, plaintiff's decedent obtained a judgment by confession in the Court of Common Pleas of Franklin county, Ohio, against one H. A. Rodebaugh and defendant Homer C. French, under the name of H. C. French. On the same day execution was issued to Fairfield county, and the sheriff of the latter county made levy upon certain

described real estate, to wit, the undivided one-third of a farm containing 159 acres, more or less, "and being all the real estate owned by H. C. French in said county." However, the captions on the foreign execution docket and the index were simply "C. E. Francis, as plaintiff, vs. H. A. Rodebaugh, et al." The name of French did not appear in either the caption or the index.

On August 30, 1934, an alias execution was issued from the Common Pleas Court of Franklin county, Ohio, to the sheriff of Fairfield county, who upon this writ again made levy upon the same real estate, described it in the same manner, captioned and indexed the docket in the same way as on the first execution.

On March 3, 1938, defendant Homer C. French conveyed to Bessie French his undivided one-third interest in the real estate described, and the same was duly entered of record in Fairfield county.

On July 21, 1939, a second alias execution was issued from the Court of Common Pleas of Franklin county to the sheriff of Fairfield county, and upon that writ the sheriff of the latter county made levy upon the same real estate described in the same manner, and in this proceeding indexed his docket "C. E. Francis vs. H. A. Rodebaugh and H. C. French."

On September 13, 1943, Bessie French, with Homer C. French, her husband, joining, and the owners of the other undivided two-thirds interest in this farm sold and conveyed the same to defendants Moore and Henry.

On November 19, 1943, this action was begun in the Court of Common Pleas of Fairfield county to marshal liens and subject the real estate to sale in payment of plaintiff's judgment. The petition set up the obtaining of the judgment, the issuing of the writ of execution and the two subsequent alias writs.

Defendant Homer C. French filed an answer admitting the judgment, but denied that the same constituted a lien upon the real estate. Defendants Moore and Henry filed an answer setting forth their ownership of the real estate and denying that there had been any valid levy made upon the real estate described in the petition.

The judgment creditor did not cause written notice to be sent to the sheriff of Fairfield county of the fact that the judgment had been kept alive in Franklin county beyond the period of five years after the rendition of the judgment.

The trial court made a finding on behalf of the defendants and dismissed plaintiff's petition, and from that judgment appeal on questions of law was perfected to this court.

Section 2837, General Code, is in the following language:

"There shall be kept in the office of the sheriff of each county, a foreign execution docket, to be furnished by the county, in which on the receipt by him of any execution, order of sale, or other process issuing from any court of any county of the state, other than in which he resides, the sheriff shall make an entry of the date of such writ, when received by him, from what court and county issued and the date and amount of judgment or decree, and shall copy in such book the full description of the property and real estate which he levies upon or offers for sale, the same as is endorsed upon or contained in such writ. He shall also copy into such book his return on such writ when he makes such return, including the bill of costs. For the use of the persons entitled thereto, he shall retain all fees due in such cases to residents of his county, and on demand, pay them to such persons. He shall make a direct and reverse index of each case so entered. Such

entries so made shall be notice to subsequent purchasers and creditors of the matters contained therein, but if the lien of any judgment be kept alive in the county of rendition beyond the period of five years, purchasers and creditors in such foreign county shall not be deemed to have notice thereof unless written notice thereof be filed by the judgment creditor with the sheriff of the foreign county who shall certify such fact upon the foreign execution docket and index the same at the place of the original entry."

As we have hereinbefore indicated, the sheriff did not "make a direct and reverse index" showing the name of French as defendant on either the original or the first alias execution. The correct indexing was done on the writ issued after French had made the deed of the real estate to his wife.

What is, and should be, the rule of construction? As stated in 25 Ohio Jurisprudence, 381, Section 36:

"So, in accordance with the usual rule of statutory construction, statutes creating liens, being in derogation of the common law, are strictly construed, as to the property and persons to whom applicable."

And, again, it is stated in 37 Ohio Jurisprudence, 728, Section 408:

"The general rule, as usually expressed, is that statutes in derogation of the common law are to be strictly construed."

Was there constructive notice to the purchasers of the existence of this lien? Counsel for defendants in our judgment are correct in their assertion that an examiner of titles need not examine an execution docket for liens against a judgment debtor except for that period of time during which the same judgment debtor was the owner of the real estate in question. There would be no obligation to examine the title for such liens after such owner had parted with the title.

It has been held generally that the entries on a foreign execution docket, which the sheriff is required to make, are constructive notice of the lien, binding upon subsequent purchasers and creditors while the lien remains in force. Paragraph five of the syllabus in *Coal Co.* v. *First National Bank,* 55 Ohio St., 233, 45 N. E., 630; paragraph eight of the syllabus in *Cook et al., Exrs.,* v. *Dinsmore,* 5 C. C., 385, 3 C. D., 189.

By the same token it could and should be held that the failure to enter properly the things required by the sheriff would relieve the purchaser of the burden which otherwise would have been cast upon him.

Counsel for defendants with propriety refer to the case of *Laundon, Windecker & Co.* v. *Denman,* 18 C. C., 857, 4 C. D., 65, the syllabus of which is, in part:

"Where the name of a party on whose property an execution has been levied, does not appear in such index, and a mortgage on the property is afterwards executed by such party, the mortgagee having no actual knowledge of such lien, is also without constructive notice thereof and his mortgage will be the prior lien as against such levy."

The only question in the instant case is, of course, whether such a lien was perfected as to give actual or constructive notice to the purchasers. Under the statute hereinbefore quoted and by what we regard as the proper rule of construction of it, there could be no question about the proposition that the claimed lien is not good as against *bona fide* purchasers. The proposition is complicated only by the facts that the 1938 deed was made by French to his wife, and that his wife was the holder of the legal title at the time the one foreign execution, properly indexed, was levied.

The record is silent as to whether there was any consideration for this deed from this husband to his wife. The deed was not directly attacked by pleading. The

bill of exceptions shows that the proposition was not even commented upon. We have been furnished with copies of briefs filed in the Court of Common Pleas, as well as the briefs filed in this court, and the only reference made to this question anywhere in the Court of Common Pleas, apparently, was in the reply brief of the plaintiff in that court, wherein it was casually suggested that "there is no claim that the transfer from French to his wife was for a valuable consideration, or that the wife is for other reasons entitled to be considered as an innocent purchaser."

What is the presumption? And, if there be a presumption, where is the burden of proof? And is the general rule, if determined, applicable to the case of a conveyance from husband to wife?

41 Corpus Juris Secundum, 626, Section 153, states the following proposition, and sustains it by a substantial list of authorities:

"A gift from husband to wife will be presumed where he transfers funds or property to her either directly or through a third person."

The syllabus in the case of *Van Ingen* v. *Peterson*, 12 C. C. (N. S.), 253, 21 C. D., 506, says, in part:

"The rule that the burden of proof rests upon the plaintiff, and does not shift to the defendant by reason of presumptions in his favor, applies to an action to subject to a husband's debts property conveyed to his wife."

And we note the case of *Crooks* v. *Crooks*, 34 Ohio St., 610, which involved a conveyance of land by a husband to his wife intended as suitable provision for her. It was conveyed at a time when the intervention of a trustee was necessary to make a deed valid at law, and the court held that such deed would not be enforced in equity to the prejudice of the rights of creditors or children for whom no provision had been

made. However, the third paragraph of the syllabus is:

"Where a child complains against such provision for the wife, the burden of showing that no provision had been made in its favor rests upon the complainant."

An interesting discussion of presumptions and the effect of presumption on *prima facie* cases is found in 20 American Jurisprudence, 136, 161, Sections 133 *et seq.*, and 157. In the latter section the proposition is advanced that the party who has the burden of proof may be aided in establishing his claim or defense by the operation of a presumption. And in section 133, *ibid,* authorities are cited to the effect that the burden is still upon the plaintiff, although it may be incumbent upon the defendant to offer evidence to meet the *prima facie* case against him. There seems to be much confusion among the authorities on those propositions, but, regardless of that fact, it seems to us in the instant case that where no direct attack was made upon the deed, and it was not made an issue in the trial court at all, the argument cannot well be stressed in a reviewing court. The deed was not void and, as stated, was not attacked directly.

In view of this situation we do not feel that the plaintiff's case is improved by the fact that the conveyance was from a husband to his wife, rather than to a third person.

The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

SHERICK and PUTNAM, JJ., concur.