**In re Raymond Cecil SCHMELZER, Bankrupt.**

**Danny A. CESNER, Trustee-Appellant,**

v.

**Raymond Cecil SCHMELZER, Bankrupt-Appellee.**

**No. 72–2118.**

United States Court of Appeals, Sixth Circuit.

Argued April 19, 1973.

Decided June 21, 1973.

Larry E. Staats, Columbus, Ohio, for trustee-appellant.

E. Bruce Hadden, Columbus, Ohio, for bankrupt-appellee; Jonathan A. Tarbox, Columbus, Ohio, on brief.

Before WEICK, MILLER and LIVELY, Circuit Judges.

WEICK, Circuit Judge.

The sole issue in this appeal is whether the title to the bankrupt's unliquidated claim for damages for personal injuries sustained by him in an automobile accident, vested in his trustee under the provisions of Section 70(a)(5) of the Bankruptcy Act, 11 U.S.C. § 110 (a)(5).

██ ██ The referee in bankruptcy held that the title to such claim vested in the trustee. He relied principally upon the opinion of a District Judge in his own District in the case of In re Borchers, 17 Ohio Misc. 146, 46 Ohio Op.2d 217 (1970). Upon a petition for review, which was heard by a different District Judge in the same District, the decision of the referee was reversed in a well-considered opinion, 350 F.Supp. 429, and the cause was remanded to the referee with instructions to grant the bankrupt's application with respect to said claim. The trustee in bankruptcy appealed. We hold that the claim for personal injuries is not "property" within the meaning of Section 70(a) (5). We further hold that the trustee has not establishd that Ohio law permits such a claim to be subjected to judicial process.

Schmelzer, the bankrupt, sustained serious personal injuries in an automobile accident which occurred on December 16, 1968. He filed suit against the tort feasor for damages to his automobile and for personal injuries in the Court of Common Pleas of Franklin County, Ohio, on October 27, 1969, praying for judgment in the amount of $75,-000. As yet his suit has not been reached for trial. Schmelzer was adjudicated bankrupt on June 23, 1971.

Prior to 1938, Section 70(a) of the Bankruptcy Act provided in relevant part as follows:

"The trustee of the estate of a bankrupt . . . shall . . . be vested . . . with the title of the bankrupt . . . to all of the following kinds of property wherever located . . . (5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded or sequestered. . . ." (11 U.S.C. § 110(a)(5)).

By amendment in 1938, the following proviso was added thereto:

"*Provided,* That rights of action ex delicto for libel, slander, injuries to the person of the bankrupt or of a relative, whether or not resulting in death, seduction, and criminal conversation shall not vest in the trustee unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration, or other judicial process. . . ."

It will be noted that the proviso, which is applicable to the present case, prohibited the title to a claim for injuries to the person from vesting in the trustee unless such rights of action by state law were subject to attachment, garnishment, sequestration, or other judicial process.

The trustee in bankruptcy must therefore establish that such a claim was property within the meaning of the Act and was subject to judicial process by the law in Ohio, which applies to this case.

We will discuss first the law of Ohio.

It was not contended that in Ohio such rights of action were subject to

attachment or garnishment. The trustee contended that the right could be subjected in Ohio by a judgment creditor's bill under the provisions of Revised Code of Ohio, Section 2333.01, which reads as follows:

"When a judgment debtor does not have sufficient personal or real property subject to levy on execution to satisfy the judgment, any equitable interest which he has in real estate as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint-stock company, or in a money contract, claim, or chose in action, due or to become due to him, or in a judgment or order, or money, goods, or effects which he has in the possession of any person or body politic or corporate, shall be subject to the payment of the judgment by action."

The trustee contends that the bankrupt's unliquidated claim for personal injuries is a "chose in action" within the meaning of the statute.

The Supreme Court of Ohio has never passed upon this question. The trustee relies upon dicta contained in the Supreme Court's opinion in Cincinnati v. Hafer, 49 Ohio St. 60, 65, 30 N.E. 197, 198 (1892), which stated that the term chose in action "includes the right to recover pecuniary damages for a wrong inflicted either upon the person or property." The trouble with that statement, however, is that *Hafer* involved only a claim for damages to property.

The first syllabus in *Hafer* is as follows:

"Where a judgment debtor has commenced an action against another, for unliquidated damages arising out of an injury to his real estate, and the judgment creditor of such debtor, thereafter, and while his judgment is alive, commences a suit under section 5464 of the Revised Statutes, in the nature of a creditor's bill, against such debtor and the wrongdoer, to subject to the payment of his judgment, the debtor's interest in the chose in action or claim for damages, the judgment creditor may acquire a lien in equity upon such interest of the debtor, from the commencement of his suit, where the demand of the judgment debtor for unliquidated damages is reduced to judgment during the pendency of the creditor's bill." (Syl. 1).

In Aetna Cas & Sur. Co. v. Hensgen, 22 Ohio St.2d 83, 258 N.E.2d 237 (1970), the Supreme Court of Ohio cited *Hafer* in support of the proposition that a cause of action to recover for fire damage to property, was assignable.

In Ohio only the syllabus of an opinion of the Supreme Court constitutes the law of the case. Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 441–442, 172 S.Ct. 413, 96 L.Ed. 485 (1952); 14 Ohio Jur.2d 681, 682 "Courts" § 247. Matters outside of the syllabus are not regarded as the decision. Haas v. State, 103 Ohio St. 1, 132 N.E. 158 (1921). There is no statement in the syllabus in *Hafer* that a claim for personal injuries is included in the definition of chose in action.

The trustee further relied on a decision of the Court of Appeals of Mahoning County, Ohio, in Strouss-Hirshberg Co. v. Davidson, 19 Ohio L.Abs. 225 (1935).[1] That decision relied on dicta in *Hafer, supra*, which we have shown involved a claim for property damage, not a claim for personal injuries, and therefore it is not persuasive authority.

*In Re Borchers, supra*, also relied on *Hafer* and *Strouss-Hirshberg*.

We prefer to follow the more recent decision of the Court of Appeals of Summit County, Ohio, in Haines v. Pub-

---

1. This decision was not reported in the official Ohio Appellate Reports. Ohio Rev.Code § 2503.20 requires that an opinion be reported in the official reports before it is recognized by and given the official sanction of any court. This statute, however, does not seem to be enforced by the Ohio Courts, 14 Ohio Jur.2d 680 "Courts" § 243, or by our Court. Gustin v. Sun Life Assur. Co. of Canada, 154 F.2d 961 (6th Cir. 1946).

lic Finance Corp., officially reported in 7 Ohio App.2d 89, 218 N.E.2d 727 (1966), the syllabus of which case is as follows:

"A pending action for personal injury claimed to have arisen out of an invasion of the right of privacy is not subject to attachment, execution, garnishment, sequestration, or other judicial process, so as to vest such action in the trustee in bankruptcy of the plaintiff in that action under Section 70 of the Bankruptcy Act (Section 110, Title 11, U.S. Code)." (Syl.).

In Alms & Doepke Co. v. Johnson, 98 Ohio App. 78, 128 N.E.2d 250 (1954), the Court of Appeals of Hamilton County, Ohio, held that a creditor's bill filed by a judgment creditor against a defendant who had an unliquidated claim against an automobile liability insurance company for personal injuries inflicted by its insured, could not reach the unliquidated claim because it was not a chose in action. The Court said that the creditor's bill did not reach a debt due to a debtor of the debtor.

In Geiselman v. Wise, 137 Ohio St. 93, 28 N.E.2d 199 (1940), the Supreme Court of Ohio held:

"A mere inchoate right of dower cannot be reached by a creditor's bill." (Syl. 2).

In In re Anderson, 345 F.Supp. 840, 842 (E.D.Tenn.1972), aff'd 474, F.2d 1398 (6th Cir. 1973), the District Court held that under a Tennessee statute which permitted garnishment of all property, debts and effects, including "real estate *and choses in action, whether due or not* . . ." the bankrupt's claim for damages for personal injuries was not "property" and did not pass to the trustee under Section 70(a)(5) of the Bankruptcy Act.

There is respectable authority that even prior to the passage of the proviso of Section 70 in 1938, a claim for per-

sonal injuries was not property and did not pass to the trustee. Saper v. Delgado, 146 F.2d 714 (2d Cir. 1945); Sibley v. Nason, 196 Mass. 125, 81 N.E. 887 (1907).

In In re Buda, 323 F.2d 748 (7th Cir. 1963), the Court held that under Wisconsin law such a claim did not pass to the trustee. The law of some states, however, does permit judicial process to reach personal injury claims. Carmona v. Robinson, 336 F.2d 518 (9th Cir. 1964); In re Calestini, 321 F.Supp. 1313 (N.D.Cal.1971).

We hold that under the law of Ohio the claim for personal injuries is not subject to judicial process.

In Lines v. Frederick, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970), the Supreme Court held that a wage earner's vacation pay, accrued but unpaid at the time of filing his petition in bankruptcy, does not pass to the trustee as "property" under Section 70(a)(5) of the Bankruptcy Act. The Court said:

"The most important consideration limiting the breadth of the definition of 'property' lies in the basic purpose of the Bankruptcy Act to give the debtor a 'new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt. . .' Local Loan Co. v. Hunt, 292 U.S. 234, 244–245, 54 S.Ct. 695, 78 L.Ed. 1230 . . ." (*Id.* at 19, 91 S.Ct. at 113).

These goals of the Bankruptcy Act can hardly be achieved if the trustee is permitted to take over the bankrupt's unliquidated claims for serious personal injuries including claims for future pain and suffering, continued disability, and loss of earnings in the future. It seems almost against public policy to permit the trustee in bankruptcy to prosecute such as action in his own name.

The judgment of the District Court is affirmed.