In re Eugene R. HILL, aka: Gene Hill, Helen L. Hill, dba: Guardian Protective Coatings, Inc. adba: "The Classified Section", Debtors.

Bankruptcy No. 2–80–02885.

United States Bankruptcy Court,
S. D. Ohio, E. D.

May 5, 1981.

Richard D. Bringardner, Columbus, Ohio, for debtors.

Daniel F. Carmack, Trustee.

## OPINION AND ORDER ON OBJECTION TO EXEMPTION

R. J. SIDMAN, Bankruptcy Judge.

This matter is before the Court on the merits of an Objection to Exemption filed by the trustee in bankruptcy. The debtors filed an Application for Hearing on Trustee's Objection and the matter was heard by the Court. Following the hearing, briefs were submitted by both parties and the matter was submitted for decision.

The Court notes that Eugene R. and Helen L. Hill (husband and wife) filed a joint voluntary petition under the provisions of Chapter 7 of the Bankruptcy Code on August 8, 1980. In the schedule of property claimed as exempt, each debtor claimed $5,000.00 as an exemption for their residence located at 581 D'Lyn Street in Columbus, Ohio. It is the claim of this exemption by Eugene R. Hill to which the trustee has objected.

The Court finds the following facts. The real estate at 581 D'Lyn Street is titled in the name of Helen L. Hill. Her name alone was placed on the deed by the debtors at the time of the purchase of the real estate. It is not asserted that her name alone was put on the instrument unintentionally, by mistake, fraud or error. Eugene R. Hill is obligated on a promissory note to Avco Financial Services dated May 6, 1980, which was later secured by a second mortgage against the property on D'Lyn Street. The first mortgage against the property to Buckeye Federal Savings and Loan Association was assumed only by the owner of the real estate, Helen L. Hill.

The only evidence of the value of the real estate in question is the value which was listed by the debtors in their schedules. This value is $43,000.00. Approximately $19,500.00 is now owed on the first mortgage and $13,000.00 remains to be paid on the second mortgage. The mortgage balances, therefore, total $32,500.00 which, when subtracted from the fair market value, leaves $10,500.00 equity in the real estate.

Upon the filing of the petition in bankruptcy, all the legal or equitable interests of the debtors in property become property of the estate. 11 U.S.C. § 541(a)(1). The debtors then may exempt from property of the estate certain property as allowed to them pursuant to 11 U.S.C. § 522(b). In Ohio, the state legislature, through its enactment of Ohio Rev.Code § 2329.662, "opted out" of the federal exemptions set out in § 522(d) of the Bankruptcy Code by making the election available to states through § 522(b)(1). Therefore, state law defines in this case the property these debtors may claim as exempt. The exemption at issue here is set out in Ohio Rev.Code § 2329.-66(A)(1) which states:

"2329.66 *Property that person domiciled in this state may hold exempt*

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(1) *The person's interest*, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence:" (Emphasis added).

With respect to the claimed real estate exemption, it is clear that Helen L. Hill, as the titled owner and resident of the property is entitled to claim a $5,000.00 exemption under the provisions of § 2329.66(A)(1) of the Ohio Revised Code. It is not clear, however, that her husband, Eugene R. Hill, is entitled to make a similar claim. The extent of the exemption provided by Ohio law is limited by "the person's interest" in the property claimed to be exempt. "Inter-

est" is not defined in the Ohio exemption law except by way of the exclusions from "interest" set out in Ohio Revised Code § 2329.66(C) which states:

"(C) For purposes of this section, "interest" shall be determined:

(1) In bankruptcy proceedings, as of the date a petition is filed with the bankruptcy court commencing a case under Title 11 of the United States Code; . . .

An interest, as determined under division (C)(1) or (2) of this section, shall not include the amount of any lien otherwise valid pursuant to section 2329.661 of the Revised Code."

The liens otherwise valid pursuant to Ohio Rev.Code § 2329.661, in this instance, are the first and second mortgages on the property in question. Ohio Rev.Code § 2329.661 does not permit an exemption claim to affect or invalidate any mortgage on real property and thus, the statute simply provides, in application, that the two mortgages which are secured by the D'Lyn Street property are to be subtracted from the fair market value of the property before any "interest" can be claimed for purposes of exemption.

The core issue before the Court, then, is the extent to which Eugene Hill has an "interest" in the real estate located on D'Lyn Street which can be exempted by him from the property of his estate in bankruptcy.

■ This Court finds that Eugene Hill's interest in the real estate in question must be an interest capable of valuation. A mere right or privilege to reside in a home because a debtor has made payments on the mortgage notes, or the holding of some other equitable interest not capable of valuation, is not sufficient to qualify for the exemption claim. See, *In the Matter of Cunningham*, 5 B.R. 709, 6 B.C.D. 863 (Bkrtcy.D.Mass.1980); and H.R.Rep.No. 595, 95th Cong., 1st Sess. 360 (1977), U.S. Code Cong. & Admin.News 1978, p. 5787. The Court further finds that the $5,000.00 used as a down payment on the D'Lyn Street property, even if it is assumed to be monies obtained from Eugene Hill, is irrele-

vant to a resolution of the present dispute. At best the $5,000.00 can be considered a gift to Helen Hill which entitles Eugene Hill to no monetary interest in the property, at least in the context of this exemption claim. Absent any showing of insolvency or fraud at the time of the transfer, the payment is simply a gift which does not convey any interest in the land, either legal or equitable, to Eugene Hill. 24 Ohio Jur. 3rd, Creditors' Rights and Remedies § 789. See, *Van Hoose v. French*, 75 Ohio App. 342, 69 N.E.2d 259 (1944). Even if an equitable interest were to be found, such an unrecorded interest would not survive under state law against a bona fide purchaser of the property without knowledge, and therefore, would not prevail over the trustee in bankruptcy who is given those same rights under 11 U.S.C. § 544(a)(3). See, *In re Harms*, 7 B.R. 398 (Bkrtcy.D.Colo.1980); Ohio Rev.Code § 5301.25.

■ The only interest shown by Eugene Hill to be capable of valuation and therefore eligible to be claimed as an exemption is an inchoate dower interest in the real estate as that is defined under state law.

Section 2103.02 of the Ohio Revised Code (effective Oct. 1, 1953), which eliminates vested dower in Ohio except in certain specific situations not applicable here, defines dower as follows:

"A spouse who has not relinquished or been barred from it shall be endowed of an estate for life in one third of the real property of which the consort was seized as an estate of inheritance at any time during the marriage."

Interpretations of this statute indicate that dower is an inchoate right in Ohio and is not an estate. *Geiselman v. Wise*, 137 Ohio St. 93, 28 N.E.2d 199 (1940) (construing § 10502–1, General Code, predecessor of § 2103.02 Ohio Rev.Code). It is the value of this inchoate right, quantitatively ascertainable through the use of mortality tables, which is the limitation on the claimed exemption of Eugene Hill.

The question then becomes upon what value should the dower interest be calculated? Is the dower calculated on the entire fair market value of the real estate as shown in the debtor's schedule, on the fair market value minus the second mortgage executed by both husband and wife and the first mortgage assumed by Helen Hill alone which is equivalent to a purchase-money mortgage under state law? *George v. George*, 51 Ohio App. 174, 200 N.E. 145 (1924).

The Court has examined state law decisions on this issue and has found authority for varying views. This Court finds that *Hickey v. Conine*, 3 Ohio N.P. (n. s.) 209 (C.P.1903), aff'd 6 Ohio C.C. (n. s.) 321 (Ct. App.1904), aff'd 71 Ohio St. 548, 74 N.E. 1137 (1905), is the authority best in keeping with contemporary notions of title and mortgage law without undue reliance upon technical aspects of real property law no longer considered legally meaningful. The *Hickey* courts found that the owner of a fee simple estate which was encumbered with mortgages was nevertheless seized of the entire fee, and although any dower interest may be subject to mortgage liens against the property, these merely affect the priority of the dower interest as between the spouse claiming the dower interest and the mortgagees. Such mortgage interests can be either purchase-money mortgages or can be mortgages in the nature of surety agreements which include waivers of dower vis-a-vis the claiming spouse and the mortgagees. These waivers do not inure to the benefit of subsequent creditors, but are only relevant in determining the priority of the dower interest with respect to the mortgagees. *Mandel v. McClure*, 46 Ohio St. 407, 22 N.E. 290 (1889); *Hickey v. Conine*, 3 Ohio N.P. (n. s.) 209 (C.P.1903), aff'd 6 Ohio C.C. (n. s.) 321 (Ct.App.1904), aff'd 71 Ohio St. 548, 74 N.E. 1137 (1905). Where other creditors or a claimed exemption is at issue, the dower right is to be valued on the entire fair market value of the property with such amount only available as dower to the extent proceeds remain after any prior mortgages have been satisfied. The debtor's "interest" in the real estate, therefore, is his dower right as calculated on the entire fair market value of the real property, but

subordinated to the claims of any mortgagees. The "interest", as calculated, is an exemptable interest only to the extent it can be claimed from value in excess of that needed to satisfy prior or joint mortgages against the property.

Evidence in the record indicates that Helen Hill was 46 years and 9 months of age and Eugene Hill was 49 years and 12 days of age and in good health at the time the petition in bankruptcy was filed. Using the Bodwitch Table (reprinted in *Merrick-Rippner, Ohio Probate Law* (3rd ed. 1978), rounding to the nearest ages shown, and reversing the designation of husband and wife since the wife is the legal owner of the property, it can be ascertained that the value of the dower interest is 3.49 per one hundred dollars of property valuation. Both the debtor and trustee have suggested this method of calculation and, while it is possible that this reversal technique may be actuarially incorrect, it is the only method before the Court which is available for use. Based upon the value of the property at $43,000.00 with mortgages totaling $32,500.00 as stated in the debtors' schedules, the total exemptable value of Eugene Hill's contingent dower is 3.49 per hundred times $43,000.00. The proper amount of the exemption claim is therefore calculated to be $1,500.70. After satisfaction of the first mortgage from Helen Hill to Buckeye Federal Savings and Loan Association with an approximate balance due of $19,500.00 and the second mortgage to Avco Financial Services granted by both Helen and Eugene Hill with an approximate balance due of $13,000.00, a value of $10,500.00 remains. From the $10,500.00, sufficient value exists to allow for the $5,000.00 exemption by Helen Hill as owner of the real property and for the $1,500.70 which represents the calculated value of the dower right of Eugene Hill.

Based on the above findings, the trustee's Objection to Exemption shall be and the same is hereby, granted in part and denied in part. The exemption claimed by Eugene Hill in the real estate shall be allowed in the amount of $1,500.70 and disallowed in the amount of $3,499.30.

IT IS SO ORDERED.