**In re James Lee MILLER, Sharon Jean Miller, Debtors.**

**Bankruptcy No. 92–61248.**

United States Bankruptcy Court, N.D. Ohio.

Oct. 5, 1992.

---

Douglas L. Thrush, Mansfield, OH, Trustee.

Gary E. Horn, Toledo, OH, for claimant.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

The court has jurisdiction in this matter by virtue of 28 U.S.C. § 1334(b) and General Order No. 84 entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B). This Memorandum of Decision constitutes the court's findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052.

### FACTS

The facts of the case are not in dispute. The debtors, James Lee and Sharon Jean Miller filed a Chapter 7 petition on June 2, 1992. They each claimed a $5,000.00 homestead exemption in their residence under Ohio Rev.Code § 2329.66(A)(1) (Anderson Supp.1992). The home is valued in their schedules at $44,000.00 with a $30,000.00 secured claim against it. The Chapter 7 Trustee objected to Sharon Jean Miller's claimed exemption because the home was titled in James' name only. The debtors assert that Sharon Jean Miller may exempt her inchoate dower interest as provided by Ohio Rev.Code § 2103.02 (Anderson 1990).

### DISCUSSION

█ Ohio Rev.Code § 2329.66(A)(1) provides that individuals may hold exempt their *"interest,* not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence." (Emphasis added.) The Trustee's objection is based on the argument that because Sharon Jean Miller's name does not appear on the property's deed, she holds no "interest" to exempt. The Millers argue that Ohio Rev.Code § 2103.02 grants a dower interest to Sharon Jean Miller which may be exempted and cite to *In re Castor,* 99 B.R. 807 (Bankr.S.D.Ohio 1989); *In re Lambert,* 57 B.R. 710 (Bankr.N.D.Ohio 1986); *In re Conrad,* 12 B.R. 32 (Bankr. N.D.Ohio 1981); and *In re Hill,* 11 B.R. 217 (Bankr.S.D.Ohio 1981) in support of their position. The court believes that the Millers' view is the correct interpretation of the interaction of Ohio Rev.Code §§ 2103.02 and 2329.66.

█ The court in *Lambert* stated that "a dower interest constitutes a recognizable interest in real estate by virtue of marriage in the form of inchoate dower." *In re Lambert,* at 712. Both Sharon Jean and James Lee Miller executed the original mortgage in favor of First Federal Savings and Loan of Bucyrus. Ohio Rev.Code § 2103.041 (Anderson 1990) states that "[t]o the extent that the owner and his spouse are both liable for the indebtedness, the dower interest of the spouse is subordinate to the claims of their common creditors." See also *Castor,* at 813: "The debtor's 'interest' in the real estate is his dower right and should be ... subordinated to the claims of the mortgagee." Therefore, under Ohio law, Sharon Jean Miller does possess an inchoate dower interest which is subordinated to the mortgagee's claim.

█ The debtor, Sharon Jean Miller, requests an exemption in the full statutory amount of $5,000.00. She is entitled, however, to no more than the present value of her inchoate dower interest. Ohio Rev. Code § 2103.041 compels the use of the American Experience Table of mortality "[i]n any action involving the judicical [sic] sale of real property for the purpose of satisfying the claims of creditors of an owner of an interest in the property...." *Id.* Other courts have employed the Bowditch Table for the same purpose. *In re Hill,* 11 B.R. 217 (Bankr.S.D.Ohio 1981); *In re Castor,* at 813; *Black v. Kuhlman,* 30 Ohio St. 196, 200 (1876). The *Hill* and *Castor* courts stated no rationale for their use of the Bowditch Table rather than the American Experience Table. It is this court's view that the American Experience Table, expressly made applicable to cases involving judicial sale by Ohio Rev.Code § 2103.041, is the better choice. This calls

into question the validity of that much of the *Black* opinion which authorizes the use of the Bowditch Table. *Black* involved the judicial sale of realty which would be controlled by Ohio Rev.Code § 2103.041 today. This case does not involve a judicial sale, and thus the court may employ either table, as both have been recognized for use in Ohio. This court chooses the American Experience Table because a different result should not be obtained depending upon whether or not the realty is sold.

 The last issue is the property value the court should use in its calculations. The debtors look to the discussions in *In re Castor* and *In re Hill,* respectively, to argue that inchoate dower is calculated using the full value of the property without considering creditors' liens. *Castor* at 813, *Hill* at 219. The *Hill* decision, and its reasoning accepted in *Castor,* dismisses the distinction (found in Ohio case law on dower) between purchase money mortgages and other liens on real property debts as not "in keeping with contemporary notions of title and mortgage law." *In re Hill,* at 219. This court agrees with that conclusion based upon Ohio's approach to mortgages, the state of title in mortgaged property, and the real property interests which pass into a decedent's estate.

Ohio permits dower to the extent a "consort was seized as an estate of inheritance at any time during the marriage." Ohio Rev.Code § 2103.02. Courts in this jurisdiction have looked to the concept of seizen to determine the basis for the valuation of dower interests. *Kelly v. Dignan,* 3 Ohio L.Abs. 508, 508–09 (1925); *Nichols v. French,* 83 Ohio St. 162, 166–67, 93 N.E. 897 (1910); *In re Hays,* 181 F. 674, 668 (6th Cir.1910) (discussing the effect of purchase money mortgages and nonpurchase money mortgages on dower calculations). The extent of the spouse's seizen is complicated by differing types of mortgages and varying results caused by the time when mortgages are taken, *see* 47 *O.Jur.3d Family Law* §§ 718, 725 p. 206 n. 3 (1983). At first

blush, the conclusion to be drawn from the above cited material is that a purchase money mortgage limits an inchoate dower interest to the value of the property above the mortgage amount because the spouse was never seized of the entire property. This result, however, is not in accord with Ohio mortgage and inheritance law.

The Supreme Court of Ohio has held that:

The legal and equitable title to mortgaged real estate remains in the mortgagor so long as the condition of the mortgage remains unbroken ... [and] a mortgagor in possession has not only the right of possession, but this right continues after condition broken until the period of redemption expires or until the mortgagee lawfully gains possession.

*Levin v. Carney,* 161 Ohio St. 513, 520–21, 120 N.E.2d 92, 97 (1954). See 69 *O.Jur.3d Mortgages* § 2 (1983) which emphasizes the fact that Ohio now treats a mortgage "as merely security for the payment of a debt...." *Id.* Thus, "Ohio has adopted the 'lien theory' of mortgages ... [under which] [a] court of equity looks to the real character of the transaction as security, and the mortgagor as the owner of the property." *Hunter Savings Association v. Georgetown of Kettering, LTD,* 14 B.R. 72, 80 (Bankr.S.D.Ohio 1981) (citations omitted).[1] Further emphasizing the point that a mortgagee possesses only a security interest, it has been held that a debtor-mortgagee does not possess an interest which may be exempted under Ohio's statutory scheme. *In re Goodin,* 26 B.R. 160, 161–62 (Bankr.S.D.Ohio 1983). Lastly, a decedent's estate is said to contain "the interest which a person has in lands, ... whether such interest is legal or equitable." 33 *O.Jur. Decedents' Estates* § 1404 (1983).

 Therefore, because a mortgagor possesses both legal and equitable title until default and foreclosure, and decedents' heirs take both legal and equitable interests in real estate, property defined in the dower statute as "seized of inheritance"

---

1. Later proceedings in this case involve attorney's fees and are not related to the issue of mortgages and mortgagors' interests. *In re*

*Georgetown of Kettering LTD,* 28 B.R. 120 (Bankr.S.D.Ohio 1983), *rev'd, In re Georgetown of Kettering LTD.,* 750 F.2d 536 (6th Cir.1984).

must be the full value of the property. The case law on dower, however, has yet to acknowledge the shift in Ohio law to the lien theory in which a mortgagee possesses only a security interest and not legal title. In the face of the internal inconsistency in Ohio between the law on decedents' estates and mortgage law on the one hand, and family law regarding dower on the other, this court concludes that the more recent mortgage cases reflect the correct approach to be taken and they will be followed.

It appears to this court, therefore, that Sharon Jean Miller's dower interest must be calculated on the full fair market value of the real estate regardless of the amount of any mortgages which the mortgagees have not foreclosed upon. The allowable extent of her exemption is, of course, limited by the equity held in the property.

Ohio Rev.Code § 2329.66(C)(1) compels the court to calculate a debtor's interest "as of the date a petition is filed with the bankruptcy court." As stated above, the property is scheduled at $44,000.00 subject to a $30,000.00 mortgage. Sharon Jean Miller's dower interest amounts to one-third of $44,000.00 or $14,666.67. The American Experience Table assigns a rate of 6% for determining present values when none is stated, which the court accepts as the proper rate. Sharon Jean Miller's $14,666.67 interest must then be multiplied by the 6% rate to determine a yearly allocation, which is $880.00. Next, the debtor's age is to be found by looking to her nearest birthday which produces an assigned age of 51 years. The present value multiplier, 11.436 in this case, is then multiplied by the yearly allocation, $880.00. The result is that Sharon Jean Miller has an inchoate dower interest with a present value of $10,063.00, obviously in excess of the $5,000.00 exemption to which she is entitled. As the Millers possess approximately $14,000.00 equity, James Lee and Sharon Jean may each claim the full $5,000.00 homestead exemption.

Therefore, Sharon Jean Miller may claim a homestead exemption based upon her inchoate dower interest under Ohio Rev.Code §§ 2103.02, 2329.66(A)(1) to the extent calculated above. An order consistent with these findings and conclusions will issue forthwith.