{¶ 57} I respectfully concur in part and dissent in part from the majority opinion. I agree with the majority's determination that Oliver Smith held a dower interest in the property that could not be "defaulted" on and that his dower interest took priority over appellant's lien. I also believe the trial court was required to value the dower interest to be paid from the proceeds of the judicial sale pursuant to R.C. 2103.041. However, I believe that the trial court erred in its determination for calculating the dower interest and that the matter should be remanded for a hearing on the value of the dower interest.
 {¶ 58} Although the concept of dower may well be outdated and its enforcement can create questionable results in today's society, dower nonetheless remains the law in Ohio. Judge Painter provided a succinct overview of the history of dower interests in Standard Federal Bank v.Staff, 168 Ohio App.3d 14, 19-21, 2006-Ohio-3601 (observing that Ohio is one of only four states that still recognize dower). A dower interest has been described as "an interest in real estate that is intended to protect a nontitle-holding spouse." Id. at 19. Under Ohio law, a spouse is entitled to *Page 25 
a one-third dower interest in real property unless it has been relinquished or barred. Id. at 20.
 {¶ 59} In this case, we are called upon to uphold a right of dower where the spouse holding the dower interest has not appeared and has "defaulted" in a foreclosure action against property mortgaged by the other spouse. Appellant would like to avoid the dower interest by taking a default judgment against Oliver Smith. However, Oliver Smith, as a matter of law, is entitled to dower, and such right cannot be extinguished by appellant through a default judgment.
 {¶ 60} R.C. 2103.041 recognizes the continued existence of a dower interest and protects dower rights, "whether inchoate or otherwise," from judicial sales of real property. The statute authorizes the judicial sale of real property without the dowered spouse's consent, but in no manner does such sale destroy the dower interest. In reLambert (Bankr. N.D. Ohio 1986), 57 B.R. 710, 713.
 {¶ 61} "The purpose of a judicial sale is to deprive debtors of their property, liquidate it, and distribute the proceeds in accordance with certain lien or interest priorities." In re Rudicil (Bankr. S.D. Ohio 2006), 343 B.R. 181, 184. Thus, although appellant may obtain a foreclosure judgment on the property, it cannot avoid a dower interest that has priority to its lien.
 {¶ 62} Appellant nonetheless persists in raising several arguments to the effect that it should not be subject to the dower interest of Oliver Smith since the court had *Page 26 
no evidence upon which to make a valid determination of the priority and value of his interest. This argument is contrary to the dictates of Ohio law.
 {¶ 63} Generally, in an Ohio judicial foreclosure sale, a spouse's dower interest takes priority over a judgment lien filed only with respect to the other spouse. R.C. 2103.041; Stand Energy Corporation v.Epler, 163 Ohio App.3d 354, 358-359, 2005-Ohio-4820. Although a dower interest may be subjected to judicial sale without the consent of the spouse holding the interest, a trial court is required to comply with R.C. 2103.041 so that the interest is protected.
 {¶ 64} R.C. 2103.041 mandates, in relevant part, as follows: "The court shall determine the present value and priority of the dower interest in accordance with section 2131.01 of the Revised Code and shall award the spouse a sum of money equal to the present value of the dower interest, to be paid out of the proceeds of the sale according to the priority of interest." Thus, the trial court was required to determine the priority and present value of the dower interest, which is a protected interest.
 {¶ 65} Appellant argues that the priority of Oliver Smith's dower could not be determined since there was no conclusive evidence to establish the Smiths were married at the time the mortgage was signed. However, the presumption was created in that Jewell Smith represented herself as being married on the mortgage.
 {¶ 66} Appellant proceeds to argue that a valuation of the dower could not be made without testimony from the borrower or the dowager as to their ages and the *Page 27 
date of their marriage. In this respect, an approximation could be made and the dower interest remained capable of measurement. Further, nothing prohibited the appellant, whose recovery was subject to the dower interest, from producing evidence for the court's determination.
 {¶ 67} Nevertheless, in this matter, although the trial court attempted to fashion a remedy to protect Oliver Smith's dower interest, the court's determination was contrary to the dictates of R.C. 2103.041. The trial court conditioned its "present value" determination on the presentation of further evidence and also found that the amount was to be calculated upon the value of the property at the sheriff's sale. This was improper.
 {¶ 68} In an action involving a judicial sale, a court must determine the present value of the dower interest and award that amount to the spouse from the proceeds of the sale. R.C. 2103.041. The trial court was required to make a determination of "present value" and should not have held that determination in abeyance. Also, the trial court's use of the sheriff's sale price for determining the present value was erroneous.
 {¶ 69} In conformance with the statutory requirements, the "present value" of a dower interest has been defined in terms of the entire fair market value of the property. See Stand Energy Corp.,163 Ohio App.3d at 359-360; In re Miller (Bankr. Ct. N.D. Ohio 1992), 151 B.R. 800, 804;In re Hill (Bankr. Ct. S.D. Ohio 1981), 11 B.R. 217, 219. As explained in Stand Energy Corp.: *Page 28 
 "In any action involving a judicial sale, a court must determine the present value and priority of a dower interest `in accordance with section 2131.01 of the Revised Code.' R.C. 2103.041. In turn, R.C. 2131.01 states that `[p]resent values for probate matters shall be the values determined for Ohio estate tax purposes pursuant to division (B) of section 5731.01 of the Revised Code.' Under R.C. 5731.01(B), present value is defined as:
 `[T]he price at which such property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having reasonable knowledge of relevant facts. All relevant facts and elements of value as of the valuation date shall be considered in determining such value.
 `The rulings and regulations of the internal revenue service and decisions of the federal courts defining the principles applicable in determining fair market value for purposes of the federal estate tax imposed by Subchapter A, Chapter 11 of the Internal Revenue Code of 1954, 26 U.S.C. 2001, as amended, shall be applied in determining fair market value * * *.'
 "In the case at bar, the trial court ordered the parties to use the Bowditch Contingent Dower Table to determine the present value of Stephanie's dower interest. The parties do not dispute that the Bowditch table is not part of the rules and regulations of the Internal Revenue Service (`IRS') applicable in determining fair market value for purposes of federal estate tax. Because R.C. 5731.01(B) requires the use of an applicable IRS table, we conclude that the trial court erred in ordering the parties to use the Bowditch table." Stand Energy Corp., 163 Ohio App.3d at 359-360.
 {¶ 70} Accordingly, a determination of the "present value" cannot be made from a forced sale context. Indeed, the notion of fair market value is inconsistent with the foreclosure sale process. New England SavingsBank v. Lopez (1993), 227 Conn. 270, 271, 630 A.2d 1010. *Page 29 
 {¶ 71} Because the trial court failed to properly determine the "present value" of Oliver Smith's dower interest, I believe the matter should be remanded for a hearing to determine the present value of Oliver Smith's dower interest in conformance herewith. I would affirm the trial court's decision in all other respects. *Page 1