GOOD v. CRIST et

Ohio Appeals, 1st Dist., Butler Co.

No. 285, 343 and 344. Decided Dec. 6, 1926

419.  DOWER—Inchoate right of dower is neither a legal nor equitable interest in real estate and same will not be subject to a judgment lien.

953a.  PRIORITY—A lien upon equitable interests, resulting from an action in the nature of a creditors bill, brought under Sec. 11760 GC. dates from the date of service of summons upon the trustee, and is prior to liens of creditors who have secured judgments and instituted proceedings in aid of execution while the first mentioned action was pending.

#### First Publication of this Opinion

HAMILTON, J.

The original action herein was brought by Marston Good against Allie Crist and Beulah Crist, seeking a money judgment on a note and foreclosure of a real estate mortgage given to secure the notes.

Certain lien holders were made parties and filed their several cross petitions. Good secured a judgment against Crist et on Feb. 11, 1924 for $3064.

It appears that on Nov. 8, 1921, the Bank of Trenton commenced an action against Crist et, and on Dec. 15, 1923, recovered a judgment of $895.96. In the meantime Allie Crist had made an assignment for benefit of creditors of all his property to Harvey Collum.

Sale of the real estate involved in the second actions was made by the assignee. Upon sale, the inchoate dower interest of Beulah Crist, the wife of Allie Crist, was calculated. The value of the inchoate right was found to be $4,943.52 in one case and $996 in another.

Beulah Crist made application to the court to have her inchoate dower interest figured in

cash which was done, and while the proceeds of the sale was in the hands of the assignee, she made an assignment for benefit of creditors to John Rogers.

The question presented here concerns the priority of liens as between Good, the Bank of Trenton, and the assignee, Rogers.

The facts chronologically were that the Bank of Trenton filed suit·Nov. 8, 1921, recovered judgment Dec. 15, 1923. executions were issued and returned unsatisfied and on the same day an aid of execution was issued. Good filed his action Nov. 29, 1921, secured judgment Feb. 11, 1924, execution issued and returned unsatisfied and aid of execution was then issued bringing in the parties which were served Feb. 13, 1923, ordering the parties in on Feb. 18, 1924. On Feb. 16, 1924, as above'stated, the Bank of Trenton proceeded in aid of execution upon the same parties. On Feb. 18, 1924, the day the parties were to appear in court, Beulah Crist made an assignment for benefit of creditors to Rogers.

Good claims a prior lien by virtue of his prior aid of execution, and the notice served thereunder, both against the Bank of Trenton and Rogers. The Bank of Trenton claims priority by virtue of its judgment entered Dec. 15, 1923, which it claims was a lien against the contingent dower which, by reason of consent of sale, had become vested. Rogers claims that her assignment transferred all her property to him and that an injunction allowed at the time, enjoining the transfer had not been finally determined, on motion to vacate, by the trial court and no bond given, and that therefore there was no obstacle to the transfer.

The Court of Appeals held:

1. "From the time of its service, property, money, or credits in the hands, or under the control of the person or corporation so served, belonging to the judgment debtor - - - shall be bound, and he or it, as the case may be, thereby made liable to the judgment creditor, therefor." Sec. 11772 GC.

2. A lien upon equitable interests, resulting from an action in the nature of a creditor's bill brought under favor of Sec. 11760, GC. dates from the date of service of summons upon the trustees, and is prior to liens of creditors who have secured judgments and instituted proceedings in aid of execution, while the first mentioned action was pending. Trust Co. v. Palmer, 23 O. C. C. (ns.) 349.

3. The assignment to Rogers is therefore inoperative, in so far as it affects the judgment of Good, so it is clear that unless the judgment lien of the Bank became a judgment lien upon the contingent dower interest of Beulah Crist, then the lien of Good is the first and best lien.

4. It is the law that an unassigned dower is not subject to levy and execution, and is not subject to a judgment lien. This being the law relating to dower interest, it would apply with equal force to the inchoate right of dower.

5. Inchoate right to dower, is a right created by statute, by reason of the marriage relation, and is not property in the sense in which property may be considered and is neither a legal or equitable interest in real estate. Long v. Long, 99 OS. 330.

6. There being no judgment lien on the fund in question it follows that the lien of Good, is a first and best lien of the funds in the hands of the assignee of Allie Crist.

(Buchwalter, PJ., and Cushing, J., concur.)

Attorneys—Clinton Egbert for Good; Paul Scudder for Bank; Andrews, Andrews & Rogers for Rogers (assignee); all of Hamilton.