**LIBERTY FOLDER COMPANY, Plaintiff-Appellee, v.
ANDERSON et, Defendants-Appellants.**

Ohio Appeals, Second District, Shelby County.

No. 145.   Decided March 21, 1949.

Pickrel, Schaeffer & Ebeling, Dayton, Cummins & Boller, Sidney, for plaintiff-appellee.

Sidney G. Kusworm, Dayton, D. F. Mills, Rodney P. Blake, Sidney, Robert D. Tourvelle, Meyers & Meyers, Celina, for defendants-appellants.

### OPINION

By THE COURT:

Submitted on motion of defendants-appellants for an order of diminution of the record.   It is claimed that the bill of exceptions which has been filed, through accident or error, does not contain all of the evidence submitted to the trial

court on the matters at issue to be presented to the reviewing court. This claim is not disputed. Whether the bill is complete will be determined by the trial court.

The court orders the bill of exceptions remanded to the trial court for any correction which the trial court considers proper. Sec. 11572-a GC.

Counsel will draw the proper entry.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

**LIBERTY FOLDER COMPANY, Plaintiff-Appellee, v. ANDERSON et, Defendants-Appellants.**

Nos. 145, 146. Decided August 5, 1949.

**OPINION**

By MILLER, PJ.:

The amended petition in this case alleges that the defendant C. R. Anderson, while an officer and director of the plaintiff corporation, embezzled various sums of money in the aggregate of over $300,000.00; that with such embezzled funds the defendant purchased several farms in Shelby County, Ohio, which he now claims to own. An accounting of the embezzled funds is sought and that the farms so purchased with these funds be declared to be held in trust for the plaintiff. The petition further prays that any inchoate dower interest claimed by the defendant, Mary J. Anderson, the wife of C. R. Anderson, be barred as to such lands so purchased with embezzled funds. Both of the defendants have answered denying the allegations contained in the petition and Mary J. Anderson has filed a cross-petition in which she asks that her inchoate dower interest in the said lands be protected and preserved.

Upon application and good cause being shown the Court of Common Pleas appointed receivers for all of the property of the defendant, C. R. Anderson. The report of the receivers showed that the management of the farms was most unprofitable, the books of Mr. Anderson showing that he had lost in excess of $10,000.00 per year for the last five years. The record discloses further that the United States of America filed a tax lien and an intervening petition claiming the sum of $360,000.00 by reason of false and fraudulent income tax returns alleged to have been made by the defendant, C. R. Anderson. The claims of other creditors also filed with

the receiver made a grand total of over one million dollars in the event all claims were allowed and paid. It therefore became apparent to the receivers that the estate of C. R. Anderson was insolvent. In view of these circumstances the receivers filed their application to sell three of the farms which the Court allowed and ordered the sale to be made free and clear of all claims, but with the reservation that in addition to other enumerated claims the inchoate dower interest of Mrs. Anderson should be transferred to the funds derived from the sale pending the later judicial determination by the court of the various interests of the parties. It is from this order that these appeals are being taken. The appellant, Mary J. Anderson, is objecting to the sale under the above conditions, but is claiming that her dower interest in the farms be set off to her in kind. The question, therefore, presented is, when does the inchote dower interest, if any, become vested in the wife? On January 1, 1932, §10502-1 GC was enacted which superseded former §8606 GC which made provision for dower to a widow or widower. The repeal of this section and the enactment of §10502-1 GC virtually abolished all vested dower except in such real estate, (a) conveyed during coverture without the spouse joining in the deed, and (b) to the extent that such real property during coverture was encumbered by mortgage without the spouse joining in the mortgage, or by judgment lien or otherwise without the surviving spouse having relinquished or been barred of dower. To these exceptions another one was added by amendment effective September 2, 1935. This exception referred to "real property alienated during marriage by judicial or other involuntary sale, the surviving spouse not having relinquished or been barred of dower therein". Sec. 10502-1 GC now provides:

"A spouse who has not relinquished or been barred of it shall be endowed of an estate for life in one-third of all the real property of which the consort was seized as an estate of inheritance at any time during the marriage, but all such dower interest shall terminate and be barred upon the death of the consort except:

(a) To the extent that any such real property at any time during the marriage was conveyed by the deceased consort, the surviving spouse not having relinquished or been barred of dower therein; and

(b) To the extent that any such real property at any time during the marriage was encumbered by the deceased con-

sort by mortgage, judgment, lien (except tax lien), or otherwise, or aliened during the marriage by judicial or other involuntary sale, the surviving spouse not having relinquished or been barred of dower therein. In the event any of the real property of which the deceased consort was seized as an estate of inheritance at decease was so encumbered, or so aliened prior to decease, the dower interest of the surviving spouse therein shall be computed on the basis of the amount of the encumbrance at the time of the death of such consort or such alienation, as the case may be, but not upon an amount exceeding the sale price of such property in any event.

In lieu of such dower interest as terminates and is barred pursuant to the provisions of this section, a surviving spouse shall be entitled to the distributive share provided by the statute of descent and distribution.

All dower interest shall terminate and be barred upon the granting of an absolute divorce in favor of or against such spouse by a court of competent jurisdiction within or without this state.

Wherever dower is referred to in any other section of this act (§10500-1 to §10512-25 GC), it shall mean the dower to which a spouse is or may be entitled by the provisions of this section."

This section abolished all dower rights except those falling under the exceptions noted. These rights, we think, were retained subject to the same interpretation as under §8606 GC. The last sentence in the above section (b) defines the dower interest of the consort. It will be noted that only the interest of the surviving spouse is defined. This must clearly indicate that the interest vests only after the death of the consort. The same rule was applicable under the common law and under all statutes previously enacted in this state.

In **McArthur v. Franklin, 16 Oh St 193,** it was held that the right of dower did not accrue to the wife in any form until the death of the husband. See also **14 O. Jur. Sec. 61, p. 673.** We are of the opinion that Mary J. Anderson at this time has no vested right of dower in the land under consideration and therefore cannot claim the land in payment of an expected right. Just what her interest in this land is we are not required to pass upon and could not, for it has not been determined whether or not the land is being held in trust for the plaintiff by the defendant, C. R. Anderson. If it is declared to be trust property, it is apparent that the wife can

have no dower interest therein. The alleged dower interest being a mere chose in action and all the necessary parties being in court, the court had the right under general equitable powers to decree the sale of the land providing it properly protects the appellant's interest in the proceeds thereof. The appellants have cited numerous Ohio cases where lands have been set off by metes and bounds representing the dower interest of the widow, but we have been cited no cases where this has been allowed prior to the death of the consort.

In **Dick v. Bauman, 73 Oh Ap 107,** at page 109, it is said:

"While the Probate Code Act of 1932 enlarged the share of a surviving spouse in the real estate of the one predeceased in lieu of the former dower, it placed no new restraints upon the rights of one in life to dispose of his or her property, and only preserved to the **survivor** a vested dower estate in any lands conveyed during the marriage in which such **survivor** had not relinquished or been barred of dower." (Emphasis ours.)

We are in accord with the ruling of the trial court and the judgment is ordered affirmed.

HORNBECK and WISEMAN, JJ, concur.