**In re Eugene M. FEATHERSTONE, Michaelina A. Bruno, Debtors.**

**Bankruptcy No. 2–80–03295.**

United States Bankruptcy Court,
S. D. Ohio, E. D.

Nov. 19, 1980.

Naren Biswas, Reynoldsburg, Ohio, for debtors.

Frank Pees, Trustee, Worthington, Ohio.

ORDER DENYING CONFIRMATION

ROBERT J. SIDMAN, Bankruptcy Judge.

This matter is before the Court on the requested confirmation of the Chapter 13 plan jointly proposed by Eugene Featherstone and Michaelina Bruno, joint Chapter

13 debtors and husband and wife. The terms of the proposed plan include the payment of $200.00 on a semi-monthly basis to the Chapter 13 trustee, payment of secured creditors in full to the value of their collateral, and payment of a 26% dividend to all allowed unsecured claimants.

At the hearing on confirmation the Court raised a question as to whether or not the plan as proposed met the test contained in § 1325(a)(4) of the Bankruptcy Code, that is, whether or not the dividend offered by the plan to unsecured claimants was at least what could be expected as a dividend by the claimants if the estates of the debtors were liquidated under Chapter 7 of the Bankruptcy Code. This question involves an inquiry into the value of certain of the assets of these debtors and determination of the applicability of certain claimed exemptions in those assets. The debtor, Michaelina Bruno, is the sole vendee, under a land contract, of a residence located at 1297 Hollywood Place, Columbus, Ohio. This residence is presently occupied by both debtors and serves as their family home. The vendors on the land contract (who also are some of the principals of the debtor Bruno's employer) are owed the sum of $26,495.33. The real estate has been appraised at between $45,000 and $46,000. The debtors had jointly claimed a $10,000 exemption in this residence pursuant to the provisions of § 2329.66(A)(1) of the Ohio Revised Code. A second major asset owned by the debtor Michaelina Bruno is an interest valued at $9,983.00 in the ABRA Master Profit Sharing plan. This asset is claimed to be exempt under the provisions of § 2329.-66(A)(10)(b) of the Ohio Revised Code. It is the applicability of these two claimed exemptions to these assets owned by Michaelina Bruno which are crucial in this Court's determination of the confirmability of the proposed Chapter 13 plan.

■ With respect to the claimed real estate exemption, it is clear that Michaelina Bruno is entitled to claim a $5,000 exemption under the provisions of § 2329.66(A)(1) of the Ohio Revised Code. It is not clear, however, that her husband, Eugene Feath-

erstone, is so entitled. The extent of an exemption provided by Ohio law is limited by "the person's interest" in the property claimed to be exempt. In respect to the real estate involved in this case, the interest of Eugene Featherstone appears to be a dower interest as that is defined under state law.

§ 2103.02 of the Ohio Revised Code defines dower as follows:

"A spouse who has not relinquished or been barred from it shall be endowed with an estate for life in one third of the real property of which the consort was seized as an estate of inheritance at any time during the marriage. Such dower interest shall terminate on the death of the consort except:

(A) To the extent that any such real property was conveyed by the deceased consort during the marriage, the surviving spouse not having relinquished or been barred from dower therein:

(B) To the extent that any such real property during the marriage was encumbered by the deceased consort by mortgage, judgment, lien except tax lien, or otherwise, or aliened by involuntary sale, the surviving spouse not having relinquished or been barred from dower therein. If such real property was encumbered or aliened prior to decease, the dower interest of the surviving spouse therein shall be computed on the basis of the amount of the encumbrance at the time of the death or such consort or at the time of such alienation, but not upon an amount exceeding the sale price of such property.

In lieu of such dower interest which terminates pursuant to this section, a surviving spouse shall be entitled to a distributive share provided by section 2105.06 of the Ohio Revised Code . . ."

■ Interpretations of this statute indicate that dower is an inchoate right in Ohio and is not an estate. *Lape v. Lape,* 22 Ohio N.P.,NS (NS) 392 (1920). It is the value of this inchoate right, then, which is

the limitation of the claimed exemption of Eugene Featherstone. While Ohio law would seem to indicate that the inchoate right of dower is of substantial value [*Mandel v. McClave*, 46 Ohio St. 407, 22 N.E. 290 (1889)], there is no evidence in the record before the Court by which this value can be determined. The establishment of the present value of the inchoate right of dower of Eugene Featherstone in his spouse's real estate is necessary to permit the Court to conclude that the test for confirmation set forth in § 1325(a)(4) of the Bankruptcy Code has been satisfied. With this finding, the Court hereby determines that only the $5,000 exemption of Michaelina Bruno in the real estate has been properly established at this stage of the proceeding.

The citation of Ohio Revised Code § 2329.66(A)(10)(b) is made to support the exemption claimed for the interest in the ARBA Master Profit Sharing plan possessed by Michaelina Bruno. A review of the provisions of that section clearly indicates that a profit sharing plan is not included within its ambit and that such exclusion was probably intentional. While the legislative history on the enactment of this particular provision of the Ohio exemption statutes is sparse, a comparison with the federal exemption which it displaced will reveal that a payment under a profit sharing plan was explicitly included in the federal exemption scheme [See 11 U.S.C. § 522(d)(10)(E)] and thus probably explicitly excluded by the drafters of the Ohio law which largely tracked the federal law.

Based upon the foregoing findings, and in light of the fact that $5000 of the claimed exemption in the debtor's real estate has not been properly established, and that an exemption has been improperly claimed in the debtor Bruno's interest in a profit sharing plan valued at $9980, this Court necessarily concludes that the 26% dividend offered to unsecured creditors in this proceeding fails the test contained in 11 U.S.C. § 1325(a)(4) of the Bankruptcy Code, that is, the plan is not in the best interest of creditors in offering a dividend at least equal to what could be expected in a Chapter 7 proceeding.

With this finding, the Court hereby determines that confirmation of the jointly proposed Chapter 13 plan of Eugene Featherstone and Michaelina Bruno should be, and the same is hereby denied. The debtors shall have ten days from the date of this order to propose an amended plan which may satisfy the problems recounted herein or propose such other disposition of their proceeding as may be appropriate.

IT IS SO ORDERED.