**In re Charles J. CONRAD, Sr., Debtor.**

**Charles J. CONRAD, Sr., Plaintiff,**

**v.**

**Shirley CONRAD, Defendant.**

**Bankruptcy No. 81–0375.**
**Related Case: 81–00893.**

United States Bankruptcy Court,
N. D. Ohio, W. D.

May 29, 1981.

John J. Hunter, Hunter & Schank, Toledo, Ohio, for plaintiff.

Margaret K. Weaver, Weaver, Scranton & Solze, Fremont, Ohio, David A. Zeitzheim, Rosentreter, Zeitzheim & Robertson, Oak Harbor, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

Hearing having been held on Plaintiff's Motion For A Temporary Restraining Order, and the Court having ruled partially on the relief sought by an Order dated May 20, 1981, this cause comes now for further determination on the matter of the real estate question raised by the Plaintiff in his Petition For Relief.

It appearing that the ruling of the Court on the Temporary Restraining Order will effectively decide the issues raised in the Petition for Relief, the Court makes the following rulings:

1.) The Defendant, Shirley Conrad, wife of the Plaintiff, is the owner of certain real estate in Sandusky County, Ohio, by virtue of a warranty deed dated February 19, 1974 and found in Volume 302, Page 47, Sandusky County deed records. She is sole owner of record.

2.) The Plaintiff, husband of Shirley Conrad, has an equitable interest in the real estate by virtue of his marriage in the form of inchoate dower.

3.) Section 541 of the Bankruptcy Code indicates that the estate of a debtor-in-possession is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case. To the extent such an interest is limited in the hands of the debtor, it is likewise limited in the hands of the estate, and the debtor-in-possession receives no greater interests in the

property than the debtor had at the time of the original filing.

4.) The Debtor's interests, being of an inchoate nature, would only perfect themselves in the Debtor upon the death of his wife.

5.) If the wife were to permit the use of her property in the Plan, then there would be no problem with property being brought under the jurisdiction of this Court for the subsequent involvement in the Plan proposed by the Debtor-in-Possession.

However, the Debtor in possession and his wife are currently in the process of a divorce with no hope of reconciliation and the wife, therefore, refuses to permit the use of her property in the proposed Plan of arrangement.

6.) The interests of the Debtor, and ultimately the Debtor-in-Possession are too tenuous for this Court to find that the real estate involved should be included as property of the estate, and accordingly, the Petition For Relief prayed for by the Plaintiff is denied *as to the question of the usage of the real estate only.* As indicated before, the other issues raised in the Petition have previously been dealt with by this Court.

7.) Notwithstanding the finding of this Court that the real estate owned by the wife is not an asset of this estate, equity demands that if the proposed Plan of arrangement is to provide for payments to creditors for which this real estate is liable, then this real estate should make a contribution to the Plan to be proposed by the Debtor-in-Possession.

8.) Accordingly, a hearing will be held on Thursday, June 25, 1981, at 10:00 o'clock A.M., in Courtroom No. 2, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio, to determine what form and amount the contribution from the acreage should take to be paid into the Plan.

In so reaching this conclusion, the Court has considered all the evidence presented whether or not referred to specifically in the opinion above.

IT IS SO ORDERED.