**In re Warren LAMBERT, DBA Community Travel Service, Debtor,**

**AIRLINES REPORTING CORPORATION, Plaintiff,**

v.

**Warren LAMBERT, Debtor, Defendant.**

**Bankruptcy No. B86–00073.**

United States Bankruptcy Court, N.D. Ohio, E.D.

Feb. 14, 1986.

L. Stewart Hastings, James F. Koehler, Cleveland, Ohio, for debtor.

---

David M. Hunter, Marc B. Merklin, Akron, Ohio, for Airlines Reporting Corp.

Stephen D. Hobt, Cleveland, Ohio, for Massachusetts Bay Ins. Co.

Myron E. Wasserman, Cleveland, Ohio, Trustee.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter is before the Court on the motion of Airlines Reporting Corporation (ARC) for the Court to determine whether the automatic stay provisions of 11 U.S.C. 362 are applicable and for an order granting relief from stay to allow the movant to proceed with foreclosure proceedings on a residence co-occupied by the Debtor, Warren Lambert. Said property is owned by Debtor's spouse, a non-party to Debtor's bankruptcy proceedings. A sheriff's sale was scheduled to occur on January 13, 1986, pursuant to a State court judgment entered on October 17, 1985, to satisfy an indebtedness jointly incurred by the Debtor and his non-debtor spouse during the course of their operation of a travel service business.

Movant's subject motion was initially heard on January 13, 1986, and again on January 29, 1986, upon receipt of the Debtor's motion to dismiss or, alternatively, to convert his case to a Chapter 11 proceeding. Consequent with Debtor's responsive pleading, movant filed its motion to dismiss the Chapter 13 proceeding or, alternatively, to convert said case to a Chapter 7 proceeding.[1] Upon allocution of the counsel, this Court granted the Debtor's motion to convert his case to a Chapter 11 proceeding and denied ARC's motion to dismiss, *inter alia*. The present motion of ARC causes the Court to determine two issues: (1) Whether a dower interest of a non-title holding spouse respecting certain realty constitutes a recognizable bankruptcy es-

tate interest; and (2) Whether relief from the automatic stay should be granted?

The movant's motion to determine whether an automatic stay applies in this matter, together with the motions for relief from stay filed by ARC, will be considered along with the Debtor's motion for a stay of proceedings.

## FACTS

1. The Debtor, Warren Lambert, is the spouse of one Jane Lambert.

2. Both, Jane and Warren Lambert, reside at 17829 Fernway Road, Shaker Heights, Ohio.

3. The subject residence is titled only in the name of Jane Lambert.

4. Jane Lambert is not a debtor in the proceedings at bar.

5. Warren and Jane Lambert are jointly and severally liable on a judgment lien secured by ARC on August 22, 1984.

6. The Debtor, Warren Lambert, operated or does operate a business known as Community Travel Service, located in Beachwood, Ohio.

*Applicable Principles of Law*

1. An automatic stay on estate property is provided under 11 U.S.C. § 362:

§ 362. Automatic stay

(a) Except as provided in subsection (b) of this section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), *operates as a stay*, applicable to all entities, of—

(1) the *commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding* against the debtor that was or could have been commenced

---

**1.** Debtor's Chapter 13 case as constituted, was determined to be invalid, as it exceeded the debt eligibility limits as required by 11 U.S.C. 109(e).

before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) *the enforcement,* against the debtor *or against property* of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain *possession of property of the estate* or of property from the estate or to exercise control over property of the estate; [Emphasis added.]

2. Property of the estate is defined in 11 U.S.C. § 541 to include:

§ 541. Property of the estate

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case....

(6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

(7) Any interest in property that the estate acquires after the commencement of the case.

3. Dower interests in real property are created by statute in Ohio to create an interest in property.

A spouse who has not relinquished or been barred from it shall be endowed for an estate for life in one third of the real property of which the consort was seized as an estate of inheritance at any time during the marriage. Such dower interest shall terminate upon the death of the consort....

Ohio Rev.Code Ann. § 2103.02 (Page 1976); See *Id.* § 2103.09 (abolition of courtesy).

4. Relief from automatic stays to proceed against property of the estate may be obtained through 11 U.S.C. § 362(d):

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

5. The bankruptcy Court may issue any order, process, or judgment which appropriately fulfills the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a).

ISSUE I

*Whether The Dower Interest Of a Non-title Holder Of Realty Constitutes A Recognizable Property Estate Interest, Pursuant To 11 U.S.C. 541(a)?*

The commencement of a case in bankruptcy creates an estate comprised of all legal or equitable interests of the debtor in property as of the date a petition in bankruptcy is filed. *See* 11 U.S.C. 541(a)(1). Such interests necessarily must be defined under appropriate state law. *Lloyd v. General Motors Corp. (In re Lloyd),* 18 B.R. 624 (Bankr.E.D.Pa.1982). In Ohio, either spouse is entitled to dower unless relinquished or barred. Ohio Rev.Code, § 2103.01. This Court has previously held that a dower interest constitutes a recognizable interest in real estate by virtue of marriage in the form of inchoate dower. *Conrad v. Conrad, (In re Conrad),* 12

B.R. 32 (Bankr.N.D.Ohio 1981); *In re Featherstone*, 8 B.R. 321, 322–323 (Bankr. S.D.Oh.1980); See also, H.Rep. No. 595, 95th Cong., 1st Sess. (1977), U.S.Code Cong. & Admin.News 1978, p. 5963. Moreover, where the spouse alleged to have either an inchoate or vested right courtesy or dower is the debtor, such dower or courtesy becomes the property of the estate.[2]

An inchoate dower interest, as is applicable to the matter, *sub judice*, can be measured by present values when property is transferred without relinquishment of dower rights, e.g., in judicial sales. Ohio Rev. Code Ann., § 2103.041 (p. 1976 Supp.). Thusly, it becomes clear that it is the dower interest, which is capable of valuation, that comes into the debtor's estate, and not the property itself which is titled in the name of the non-debtor spouse. It is of further note that statutes such as § 2103.-041 provide for the judicial sale of real property without the dowered spouse's consent, but in no manner does such sale destroy the dower interest. Similarly, its provisions subordinating a dower interest of a spouse to common creditors' interests when both spouses are liable on a debt merely state a rule of priority governing the dower interest and, consequently, recognizes the continued existence of that dower interest.

■ Therefore, it becomes well-settled in Ohio that a dower interest capable of measurement is includible in the bankrupt estate. The sale of the subject property, belonging to the non-debtor spouse, does not affect the formula to establish a dower value as the statutory provision for measurement operates independently of the sale. The fact that the sale can affect how much of the proceeds, if any, are received for the dower interest illustrates why a dower interest is entitled to protection by the § 362(a) stay. *See In re Digby*, 47 B.R. 614, 624 (Bankr.N.D.Ala.1985). Thusly, a dower interest does constitute a recognizable interest in a bankruptcy estate.

## ISSUE II

*Whether Relief From The Automatic Stay Provisions Of § 362(a) Of Title 11 Should Be Granted?*

Having determined that a debtor's dower interest is a protectible estate interest, the second issue to be considered is whether the automatic stay provisions of § 362 should be lifted. Specifically, the statutory language of § 362(d-g) must be examined.

This case was converted from a Chapter 13 proceeding to a Chapter 11 proceeding upon the Debtor's motion. In separate motions, two claimants, ARC and Massachusetts Bay Insurance Company, seek relief from the stay provisions of § 362. Section 362(d)(1) of Title 11 permits relief for cause where there exists inadequate protection, and § 362(d)(2) provides relief from stay where the Debtor has no equity and where the property is not necessary to an effective reorganization.

■ The Debtor has not, to the satisfaction of this Court demonstrated that he possesses equity in the subject realty. Nor has the Debtor demonstrated where his dower interest in the personal residence, wholly owned by his non-debtor spouse, is necessary to an effective reorganization of the travel agency business which would be the focal entity of a Chapter 11 proceeding. Accepting the representation of the Debtor that the subject realty is his only residence, the Debtor still has failed to establish a nexus between his residence and any business operation to be reorganized. *In re*

---

**2.** 4 W. Collier, Collier on Bankruptcy, S541.07 at 541–33 (15th Ed.1985); *See also*, Bkr.L.Ed.Summary, § 4.5 at 22 (1980). Under the Bankruptcy act of 1898, whether a dower interest in property became estate property depended upon whether the property was transferable or subject to creditors' process under state law. Bkr.

L.Ed.Summary, § 4:30 at 54; *See*, Collier, *supra*, at § 541.07. Today, however, the transferability of an interest such as dower under state law is irrelevant in light of the provisions of § 541(a) of the Bankruptcy Code of 1978. Bkr.L.Ed., *supra*, § 4:30 at 54.

*Tracy,* 194 F.Supp 293 (N.D.Cal.1961), (annoyance to debtor of losing his residence which was located away from his business enterprise was insufficient to prevent the sale of residence); *See also, In re Sulzer,* 2 B.R. 630, 5 B.C.D. 1314 (Bankr.S.D.N.Y. 1980), (home of a psychoanalist used to see patients not essential to Chapter 11 reorganization where another office is maintained elsewhere, and secured creditors may proceed with foreclosure where debtor failed to show stay should not be listed for cause, or, where there is no equity in property and that it is unnecessary for an effective reorganization.).

The legislative history of § 362(d)(2) is of particular significance as it recognizes the need to provide relief to creditors who would have foreclosed on real property but for a last minute bankruptcy petition filed by its owner.[3] It is clear a mere statutory right of dower interest in realty should not receive greater protection than outright ownership and should not be used to frustrate creditors or the clear intent of the statute. For the same reasons, it would not be prudent for this Court to exercise the broad powers afforded by § 105(a) to frustrate the provisions of § 362(d).

Accordingly, Movant's motion for relief from stay is granted; and the motion of the Debtor, Warren Lambert, for a stay of proceedings is denied.

IT IS SO ORDERED.

---

**3.** 161 Cong.Rec., S 17409 (1978), reprinted in 3 Collier (Appendix) On Bankruptcy at X–20 (15th    ed. 1985).