In re Ned E. **CASTOR** and Katherine S. Castor, Debtors.

Paul D. **GILBERT**, Trustee, Plaintiff,

v.

Ned E. **CASTOR**, et al., Defendants.

Bankruptcy No. 3–86–01198.
Adv. No. 3–88–0141.

United States Bankruptcy Court, S.D. Ohio, W.D.

April 3, 1989.

Paul D. Gilbert, Dayton, Ohio, pro se.

Lester R. Thompson, Dayton, Ohio, for debtors.

John T. Ducker, Dayton, Ohio, for Richard Rentz.

## DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT

WILLIAM A. CLARK, Bankruptcy Judge.

This matter came before the court upon the motion of the trustee for summary judgment for the court to determine that Ned E. Castor has no right of exemption for his inchoate dower interest in the real estate previously sold, and therefore no right to participate in the net proceeds of the sale. The court has considered the original and reply memorandum of the plaintiff-trustee and the memorandum in response of the debtors filed herein.

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district. This matter is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A) and (N). This opinion and order shall constitute the findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

### FACTS

The facts upon which the motion is based are clear. Katherine S. Castor was the title owner of the residence in which the debtors resided. The residence was sold by the trustee pursuant to previous proceedings. Midland Title Company is holding certain proceeds from that sale for the trustee. The proceeds are claimed by several lienholders who hold certificates of judgments, by Katherine S. Castor by virtue of her exemption right, and by Ned E. Castor by virtue of his claim of exemption for his dower interest in the real estate. The trustee has paid $4,000 of Katherine S. Castor's exemption rights and is witholding $1,000 for damages allegedly caused to the premises while the Castors occupied same. It has been represented that Ned E. Castor is 26 years of age and his wife, Katherine S. Castor, is 36 years of age.

### LAW

The motion before the court will not dispose of the claims of the various parties but will determine the exemption right of Ned E. Castor. The Federal Rules of Civil Procedure provide as to summary judgment as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c).

The issue of the significance of the dower interest of a spouse and an exemption thereon are the legal issues for decision in this matter.

The concept of dower as a method of protecting the spouse by recognizing her right to a livelihood from her consort's estate is as old as the common law. The State of Ohio provided statutorily for vested dower until the nature of dower was changed by Section 10502–1 of the Ohio General Code in 1932. The amended statute resulted from a movement to abolish dower. Strong resistance at local and regional hearings caused the legislature to moderate the change in the concept of dower. In the amended dower provision the Ohio legislature preserved inchoate dower and abolished vested dower except as provided in certain subsections not relevant to this inquiry. Section 10502–1, Ohio General Code, was amended again in 1935 to limit the computation of vested dower to an

amount not exceeding the sale price of the property.

The present successor of the former dower statute, Section 10502–1, is Section 2103.02, Ohio Revised Code, which reads:

A spouse who has not relinquished or been barred from it shall be endowed of an estate for life in one third of the real property of which the consort was seized as an estate of inheritance at any time during the marriage. Such dower interest shall terminate upon the death of the consort except:

(A) To the extent that any such real property was conveyed by the deceased consort during the marriage, the surviving spouse not having relinquished or been barred from dower therein;

(B) To the extent that any such real property during the marriage was encumbered by the deceased consort by mortgage, judgment, lien, except tax lien, or otherwise or aliened by involuntary sale, the surviving spouse not having relinquished or been barred from dower therein. If such real property was encumbered or aliened prior to decease, the dower interest of the surviving spouse therein shall be computed on the basis of the amount of the encumbrance at the time of the death of such consort or at the time of such alienation, but not upon an amount exceeding the sale price of such property.

In lieu of such dower interest which terminates pursuant to this section, a surviving spouse shall be entitled to the distributive share provided by section 2105.06 of the Revised Code.

Dower interest shall terminate upon the granting of an absolute divorce in favor of or against such spouse by a court of competent jurisdiction within or without this state.

Wherever dower is referred to in Chapters 2101. to 2131., inclusive, of the Revised Code, it means the dower to which a spouse is entitled by this section.

The historical development of the law of dower in Ohio is related in the 1962 case of *Central Trust Company v. Gilardi*, 186 N.E.2d 771, a Common Pleas Court case from Hamilton County, Ohio. That case held that where a mortgage was executed prior to the mortgagor's marriage, the wife's inchoate dower interest must be computed only on surplus arising after satisfaction of mortgage and costs of mortgage foreclosure action. The case is important for its recognition that inchoate dower is computed to determine its present value based upon the ages of the husband and wife when they are living.

An Ohio appellate court in *Wellbaum v. Baker*, 19 Oh.Law Abs. 23 (1935), held that where the couple was alive the spouse of a husband whose property was sold in a proceeding to marshall liens was entitled to payment of her dower interest out of the proceeds remaining from the sale and prior to judgment creditors computed upon the total sale price of the property. Numerous cases over the years have addressed the issue of whether the dower right of a widow should be based upon the total sale price of a property or the excess of funds remaining after the payment of the mortgage or mortgages.

Judge Renner in *Central Trust Company v. Gilardi, supra,* provided the helpful historical analysis of the development of dower in Ohio. He stated:

In support of this contention counsel for August Gilardi cites three cases which were decided before the 1932 Amendment terminating dower upon the death of the consort, namely *Nichols v. French*, 83 Ohio St. 162, 93 N.E. 897; *Culver v. Harper*, 27 Ohio St. 464; and *King v. Alt*, 11 Ohio N.P., (N.S.), 433.

The last of these three cases was decided by Judge Swing of the Hamilton County Court of Common Pleas, April 11, 1911. The case was before the court on appeal from a land sale case in the Probate Court. Before his marriage Alt had mortgaged the property for $2500 and the land sold in the sale case for $3500. Judge Swing decided the widow was dowable only out of the surplus remaining after satisfying the mortgage.

One of the issues presented in that case, similar to one presented in the instant case, was whether or not the mort-

gage on the property sold was a purchase money mortgage. In that case the mortgage under consideration was given to pay the prior purchase money mortgage. Judge Swing concluded that it was unnecessary to determine that question, for the reason that Alt never during his marriage had more than an equity of redemption and that the dower of his widow should be based on that interest only. He also pointed out that if the mortgage was a purchase money mortgage there could be no question that the widow was dowable out of the surplus alone. Judge Swing based his decision upon *Nichols v. French, supra,* and he quoted from the opinion in that case in which the Supreme Court approved and followed *Culver v. Harper, supra,* and distinguished it from *Kling v. Ballentine,* 40 Ohio St. 391 and *Mandel v. McClave,* 46 Ohio St. 407, 22 N.E. 290, 5 L.R.A. 519. *Nichols v. French* and *Culver v. Harper,* like the case decided by Judge Swing, involved the dowable rights of a widow in mortgaged or encumbered property of a deceased spouse. 186 N.E.2d at 773.

Judge Renner summarized his decision construing Section 2103.02, Ohio Revised Code, in 1962 as follows:

> The court is therefore of the opinion that by incorporating in the first sentence of Section 10502–1, General Code, and again in Section 2103.02 Revised Code, the same definition of dower which was included in the previous dower statute, Section 8606, General Code, and earlier statutes, the Legislature must have intended that inchoate dower should be limited in accordance with such definition. *Id.* at 776

Judge Renner held that the inchoate dower interest was to be computed on the surplus remaining after satisfaction of the mortgages where the mortgages had been executed prior to the mortgagor's marriage. The significance of the *Gilardi* decision and the older cases of *Nichols v. French,* 83 Ohio St. 162, 93 N.E. 897 (1910); *Culver v. Harper,* 27 Ohio St. 464 (1875) and *King v. Alt,* 11 Ohio N.P. (N.S.) 433, is that inchoate dower as well as dower under the

former statutes is susceptible of computation. Under the old dower statute the Ohio Supreme Court in *Jewett v. Feldheiser,* 68 Ohio St. 523; 67 N.E. 1072 (1903), held that inchoate dower of the wife is not a lien upon but a right in the land of the husband. This case cites a long line of cases which are consistent with the recognition of dower as a right or interest in the land of her consort.

In 1926 in *Good v. Crist,* 23 Ohio App. 484, 156 N.E. 146, the Court of Appeals for Butler County, in construing the dower statute in effect at that time, held that inchoate right of dower was not subject to levy and execution. Contrasting inchoate dower with a vested interest in land which is subject to levy under Sections 11655 and 11656, General Code, the court held that inchoate dower was not subject to levy. The case of *Good v. Crist,* while holding that inchoate dower is not an interest in land, exemplifies the inclination of Ohio courts to protect the holder of the right of dower from the levy by creditors of the consort.

In *Nichols vs. French,* 83 Ohio St. 162, 93 N.E. 897 (1910), it was held that where a consort gave a purchase money mortgagor a mortgage before marriage, and the property was sold by executors to pay the mortgage debt, the widow is not dowable of the whole proceeds, but only of the surplus remaining after satisfying the mortgage. This case distinguished older cases which held that the wife was entitled to dower computed on the entire sale proceeds rather than the surplus remaining after the payment of the mortgage. The *Nichols* case reconciled the apparent differences in the former cases by basing the decision upon the consort's interest in the estate during the marriage. The court reasoned that if the consort at no time during the marriage had more than an equity of redemption, the spouse's dower is computed only on the surplus exceeding the mortgage. In other cases where the consort was seized of the entire estate, the spouse's dower is computed on the value of the entire proceeds of the sale as against

all persons except those to whom the spouse had waived her dower right.

The Supreme Court of Ohio addressed the right of dower in *Geiselman v. Wise*, 137 Ohio St. 93, 28 N.E.2d 199 (1940), establishing that General Code Section 10502–1 provided for inchoate but not vested dower and that vested dower was abolished. The decision demonstrates the near sanctity in which Ohio regards the dower right. The court held that an inchoate right of dower cannot be reached by a creditor's bill.

In *Liberty Folder Co. v. Anderson*, 86 Ohio App. 399; 90 N.E.2d 409 (1949), the Court of Appeals of Shelby County, Ohio, reiterated that the wife has a right of inchoate dower which vests only after death of her husband. The court affirmed the lower court's judgment under equitable powers which decreed a sale of land and provided that the inchoate dower "interest" of the wife should be transferred to the fund derived from the sale.

The concept of *seizin* in land is an ancient one derived from the common law. The older cases struggled or rationalized *seizin* to determine whether the spouse had the right of dower in the whole sale proceeds of mortgaged premises or only in the surplus in excess of the mortgage. In *Culver v. Harper*, 27 Ohio St. 464 (1875), the court described the concept of *seizin* as follows:

Was the husband seized of this estate during coverture?

The proposition is often stated, that the mortgagor has a legal estate, and that he has a seizin in law. Perhaps this idea generally prevails in the State of Ohio. For the interest he has in property which he has mortgaged, and which is denominated his equity of redemption, may be levied on and sold, like any other legal estate.

At common law, the mortgage was an estate upon condition. The legal estate was conveyed to the mortgagee, subject to be defeated by the payment of the money. The mortgagor, therefore, could not be said, technically, to be seized. Really, all the husband owned at any time

during coverture was the residue remaining after the mortgage debt was paid. If the wife seeks dower in more than this, upon the technical doctrine of seizin, she must be content with exactly what the technicality gives her. And if, by making the mortgage before marriage, conveying away his legal estate upon condition that he might redeem it, the husband retains seizin no longer, the ground of the wife's claim is gone.

Under our decisions, it is held that the seizin of one who makes a purchase-money mortgage is technical, and is not an estate to which dower attaches. *Welch v. Buckins*, 9 Ohio St. 331. Of that character is the seizin in this case. It was a purchase-money mortgage, made before marriage, and the seizin, whatever it was, instantaneous or otherwise, was conveyed away by this mortgage, in strict law. The deed of conveyance was a deed of condition, by which the husband might redeem, still it was a deed sufficient to transfer this technical seizin, though named a mortgage.

This doctrine of instantaneous seizin is somewhat technical. It was invented for righteous ends, and is therefore useful. It would be the height of wrong that a wife should have dower as against the purchase-money mortgage. *Id.* at 467–468.

The foregoing review of many significant cases dealing with dower demonstrates the protection the courts have afforded the spouse in Ohio by the dower right in statute and in common law. The foregoing cases establish that inchoate dower is recognized by the law of Ohio.

The court reaches in the case *sub judice* the issue of whether inchoate dower is property of the estate in accordance with 11 U.S.C. § 541. If inchoate dower interest is property of the bankrupt estate, is it subject to the debtor's exemption rights under Ohio Revised Code Section 2329.-66(A)(1)?

Bankruptcy cases have held that the inchoate dower right is an asset of the estate under the broad definitions of 11 U.S.C. § 541. See *In re Conrad*, 12 B.R. 32

(Bankr.N.D.Ohio 1981); *In re Lambert*, 57 B.R. 710 (Bankr.N.D.Ohio 1986).

In this case the Castors are husband and wife and the real estate in question was titled in the name of the wife. The jurisdiction of the Bankruptcy Court is not in question here as it was in *In re Conrad, supra*, where the wife held title and the husband claimed a dower interest. Judge Speer in that Chapter 13 case made several rulings including the following:

> 3) Section 541 of the Bankruptcy Code indicates that the estate of a debtor-in-possession is comprised of all legal or equitable interests of the debtor [husband] in property as of the commencement of the case. To the extent such an interest is limited in the hands of the debtor, it is likewise limited in the hands of the estate....
>
> . . . .
>
> 5) If the wife were to permit the use of her property in the Plan, then there would be no problem with property being brought under the jurisdiction of this Court for the subsequent involvement in the Plan proposed by the Debtor-in-Possession. 12 B.R. at 33.

■ In the *Conrad* case only the husband was a debtor, yet the court recognized the dower interest to be an equitable interest in real estate. It follows from the *Conrad* case that, here where the husband and wife are joint debtors, the real estate and the inchoate dower right of the husband are assets of the bankruptcy estate and within the jurisdiction of the Bankruptcy Court.

■ Finally the court reaches the issue of whether the inchoate dower right of the husband is properly the subject of the real estate exemption under Ohio Revised Code Section 2329.66(A)(1). In succinct and well reasoned decisions, Judge Sidman of this court decided the issue in two cases, *In re Featherstone*, 8 B.R. 321 (Bankr.S.D.Ohio 1980) and *In re Hill*, 11 B.R. 217 (Bankr.S.D.Ohio 1981).

In the *Featherstone* case debtors proposed a chapter 13 plan which included as an asset the real estate held in the name of the wife and in which the husband claimed an exemption for his inchoate right of dower. Judge Sidman noted Ohio Revised Code Section 2103.02(A) and (B) which he found provided the method of computing the value of the inchoate dower right relying upon previous interpretations by Ohio courts. Without evidence to calculate the present value of the inchoate right of dower Judge Sidman determined that only the $5000 exemption of the title owner had been established. He observed that Ohio law indicated the right of dower is of substantial value.

*In re Hill, supra,* Judge Sidman found the dower interest was a subject of the exemption statute. That joint chapter 7 case facts were similar to the case *sub judice*. The residential real estate was titled in the name of the wife, and the husband had only a inchoate right of dower interest in the real estate. The court found that the value of the real estate was $43,000 on which there were two mortgages totaling $32,500 which, when subtracted from the fair market value, left $10,500 as the debtor's equity in the real estate. The court held that Ohio Revised Code Section 2329.66(A)(1) entitled the wife to the $5,000 exemption. As to the exemption claimed by the husband for inchoate right of dower, Judge Sidman stated:

> It is not clear, however, that her husband, Eugene R. Hill, is entitled to make a similar claim. The extent of the exemption provided by Ohio law is limited by "the person's interest" in the property claimed to be exempt. "Interest" is not defined in the Ohio exemption law except by way of the exclusions from "interest" set out in Ohio Revised Code § 2329.66(C) which states:
>
> "(C) For purposes of this section, 'interest' shall be determined:
>
> (1) In bankruptcy proceedings, as of the date the petition is filed with the bankruptcy court commencing a case under title 11 of the United States Code;
>
> *    *    *    *    *    *
>
> An interest, as determined under division (C)(1) or (2) of this section, shall not include the amount of any lien otherwise

valid pursuant to section 2329.661 of the Revised Code." *Id.* at 218.

Subsection (C) of the statute required the amount of the two mortgages to be subtracted from the fair market value before any "interest" could be claimed for exemption purposes. The court applied the dower statute of Ohio in Ohio Revised Code Section 2103.02 and the law of numerous cases previously decided and analyzed heretofore in this decision. The court held that the inchoate dower interest was capable of valuation and therefore eligible to be claimed as an exemption. Many Ohio cases have established that the owner of a fee simple estate which is encumbered with mortgages nevertheless is seized of the entire fee and that the dower interest is subject to the mortgage liens. These cases found that the mortgage liens merely have a priority over the dower interest. Such mortgages can either be purchase-money mortgages or mortgages in the nature of surety agreements which include waivers of dower between the claiming spouse and the mortgagees. Subsequent creditors are not entitled to the benefit of the waivers. *Mandel v. McClave,* 46 Ohio St. 407; 22 N.E. 290 (1889); *Hickey v. Conine,* 3 Ohio N.P. (N.S.) 209 (C.P.1903), Aff'd 71 Ohio St. 548, 74 N.E. 1137 (1905).

In the *Hill* case the mortgages were placed upon the residential real estate during the marriage or during coverture. The debtor's "interest" in the real estate is his dower right and should be calculated on the entire fair market value of the real property, but subordinated to the claims of the mortgagees.

> The "interest", as calculated, is an exemptable interest only to the extent it can be claimed from value in excess of that needed to satisfy prior or joint mortgages against the property. *In re Hill,* 11 B.R. at 220.

For purposes of calculation of the husband's dower, Judge Sidman authorized the use of the Bodwitch table (reprinted in *Merrick–Ripner, Ohio Probate Law* (3rd edition 1978)) using the ages of the husband and wife and "reversing the designation of husband and wife since the wife is the legal owner of the property." *Id.* The Judge acknowledged that the reversal technique while possibly actuarially incorrect was the only method available. After calculation the inchoate dower right was determined to be $1,500.70, which sum was the allowable exemption to the husband.

The *Hill* case is remarkably similar in its facts to the case *sub judice* in that the wife is the titled owner of the real estate and the husband claims a homestead exemption for his inchoate dower interest in the real estate. Using the Bodwitch table in its latest form (attached to trustee's memorandum) it is possible to calculate the present value of the inchoate dower interest of Ned E. Castor using the same reversal technique as to the consort and the spouse as the court used in the *Hill* case. Applying the ages of Ned E. Castor and Katherine S. Castor as of the date of the petition or conversion to chapter 7 (26 years for Ned and 36 years for Katherine) the Bodwitch table indicates a factor of 4.70. Multiplying 4.70 times $108,000 (sale proceeds) results in $5,076.00 being the value of the inchoate dower interest of Ned E. Castor. Applying the maximum exemption under Ohio Revised Code 2329.66(A)(1) the result is the inchoate dower is limited to $5,000 as the exemption. This amount is payable only from the excess funds remaining after the payment of the mortgages, taxes and sales expenses resulting from the sale of the real estate.

The fact that there are common debts, some of which were liens upon the real estate does not affect the exemption right of Ned Castor. Each debtor is entitled to an exemption of property from levy or execution on judgments from common creditors. To the extent that funds are available after payment of the mortgages and taxes, the exemptions of $5,000 for the inchoate dower interest and $5,000 for the title owner are payable, subject to the trustee's claim against the debtors for alleged damages caused during the occupancy by the debtors. The matter of the damages must be determined at a later hearing.

For the reason that the court finds that the inchoate right of dower is the proper subject of exemption for Ned E. Castor, the motion for default judgment is denied. To expedite the final decision as to the distribution of the funds held for distribution from the sale of the real estate, a hearing, on the remaining issues in this adversary proceeding is set for April 27th, 1989 at 10:00 a.m.

IT IS SO ORDERED.