In re David A. RUDICIL, Sandra K. Rudicil, Debtors.

No. 05–41529.

United States Bankruptcy Court, S.D. Ohio, Western Division at Dayton.

June 7, 2006.

Harry B. Zornow, Hamilton, OH, for Debtors.

## DECISION DENYING DEBTORS' MOTION TO AVOID JUDICIAL LIEN OF FIRST NORTH AMERICAN NATIONAL BANK

LAWRENCE S. WALTER, Bankruptcy Judge.

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334, and the standing General Order of Reference in this District. This matter is before the court on Debtors' *Motion to Avoid Judicial Lien of First North American National Bank* filed on December 19, 2005 (doc. 14) ("Motion") and upon *Debtor's* (sic) *Brief in Support of Motion to*

*Avoid Judicial Lien* filed on March 10, 2006 (doc. 23) ("Brief").

## FACTUAL BACKGROUND

Debtors' Motion is unopposed, so the facts asserted therein are accepted as true. Pursuant to 11 U.S.C. § 522(f), Debtors seek to avoid a judicial lien on their residence located at 4350 Shandon Drive, Hamilton, Ohio which is owned solely by Mr. Rudicil. The judicial lien is in the amount of $12,242.70 (the "Lien") and is held by First North American National Bank ("Bank"). Debtors claim that the value of their real estate is $175,000.00 according to an appraisal not filed in the record. There are two prior mortgages on the premises, a first held by ABN AMRO in the amount of $100,555.89 and a second held by Huntington Bank in the amount of $51,084.00, for an aggregate mortgage encumbrance of $151,639.89.

On their schedule C, each Debtor claims a $5,000.00 exemption in the real estate in accordance with the Ohio exemption statute (Ohio Rev.Code § 2329.66(A)(1)). Mrs. Rudicil's dower interest under Ohio law is estimated to have a value of $58,000.00.

## LEGAL ANALYSIS

Debtors argue that, pursuant to 11 U.S.C. § 522(f), the Lien impairs their exemptions because the sum of the two mortgages ($151,639.89), Mr. Rudicil's exemption ($5,000.00), and Mrs. Rudicil's dower interest ($58,000.00) exceeds the $175,000.00 value of the real estate. This impairment would enable Debtors to avoid or "strip off" the Lien. While § 522(f)(2)(A) does indeed provide an arithmetic formula for determining impairment, Debtor's application of this formula is contrary to the plain language of the statute.

Section 522(f)(1) provides in relevant part as follows:

(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5) ...

11 U.S.C. § 522(f)(1). The Lien in the instant case is a judicial lien and therefore qualifies under § 522(f)(1) for avoidance to the extent that it impairs an exemption to which the Debtors are entitled. The formula for calculating the extent of impairment is set forth in § 522(f)(2)(A) which provides as follows:

(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

■■■ Although each of the Debtors has claimed a $5,000.00 exemption in the residential real estate, and it is these exemptions that are theoretically impaired, Debtors have ignored the plain language of § 522(f)(2)(A)(iii) by substituting into the formula the estimated value of Mrs. Rudicil's dower interest in place of her claimed exemption. It is well established that statutory analysis begins with the language of the statute itself and where that language

is plain, the function of the court is simply to enforce the clearly expressed terms. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Furthermore, there is precedent in the Sixth Circuit and in the Southern District of Ohio emphasizing the clear meaning of § 522(f)(2)(A) and the necessity of applying its formula exactly as written. *Brinley v. LPP Mtge., Ltd. (In re Brinley)*, 403 F.3d 415, 421 (6th Cir. 2005) (choosing faithful adherence to the explicit language of § 522(f)(2)(A) despite the "upset of the state law of lien priorities"); *Holland v. Star Bank, N.A. (In re Holland)*, 151 F.3d 547, 550 (6th Cir.1998) (noting that § 522(f)(2)(A) creates a new federal definition of impairment with such explicit language that state law is no longer consulted); *Tedeschi v. Falvo (In re Falvo)*, 227 B.R. 662, 666–667 (6th Cir. BAP1998) (holding that the plain language of § 522(f) mandates only partial lien avoidance to the extent of exemption impairment); *In re Oglesby*, 333 B.R. 788, 792 (Bankr.S.D.Ohio 2005) (applying literal lien impairment formula and noting irrelevance of Ohio lien priority law).

Section 522(f)(2)(A) clearly states that only two things can be aggregated: liens and claimed exemptions. The sum of the liens and exempt amounts is then compared to the value of the debtor's interest in the property to determine the extent of impairment. Mrs. Rudicil's dower interest is clearly not the same as her claimed exemption which Debtors acknowledge to be $5,000.00. Nor is the dower interest a lien. "Lien" is defined by the Bankruptcy Code as "[a] charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37).

■ "Dower" under Ohio law is an inchoate life estate, not a lien:

A spouse who has not relinquished or been barred from it shall be endowed of an estate for life in one third of the real property of which the consort was seized as an estate of inheritance at any time during the marriage.

Ohio Rev.Code § 2103.02. Or, as succinctly stated by the Ohio Supreme Court, "[t]he inchoate dower of the wife is not a lien upon the land of the husband, but is an interest in it." *Jewett v. Feldheiser*, 68 Ohio St. 523, 67 N.E. 1072 (1903) (decided under prior but not inconsistent law). Consequently, for purposes of the § 522(f)(2)(A) calculation, Mrs. Rudicil's dower interest, rather than constituting a lien or exemption as referenced in subsections (i) through (iii), is instead an interest in the property coextensive with her husband's fee interest against which the sum of liens and exemptions are to be netted. In mathematical terms, if the aggregated liens and exemptions are the subtrahend, then the value of the Debtors' property interests, including the dower interest, would be the minuend. Debtors' attempt to subtract Mrs. Rudicil's dower interest from Mr. Rudicil's fee interest in the same property does not comport with the concept of dower under Ohio law and, more importantly, does not comply with the explicit language of § 522(f)(2)(A).

■ Although admitting a complete lack of supporting authority, Debtors propose that the court apply lien avoidance under § 522(f) as if it were in conjunction with a state judicial foreclosure proceeding or § 363 sale in bankruptcy. Generally, in an Ohio judicial foreclosure sale, a spouse's dower interest takes priority over a judgment lien filed only with respect to the other spouse. Ohio Rev.Code § 2103.041; *Stand Energy Corporation v. Epler*, 163 Ohio App.3d 354, 358–359, 837 N.E.2d 1229 (2005). Debtors therefore suggest that if this Court were to engraft judicial sale

priorities onto the lien avoidance process of § 522(f), the entire value of Mrs. Rudicil's dower interest should be subtracted from the value of the real estate so as to completely avoid the judicial lien of the Bank.

Debtors offer no meaningful rationale for supplanting the plain language of the federal statute with the priorities applicable to a state court foreclosure. They also incorrectly suggest that fashioning the § 522(f) analysis in accordance with a § 363 sale would accord Mrs. Rudicil the same advantageous priorities as a state court foreclosure. Debtors' argument, in addition to ignoring the language of § 522(f), ignores the critical fact that Mrs. Rudicil is a joint debtor in this bankruptcy case. Like her husband, she has submitted her assets to the bankruptcy estate for administration in return for a discharge from her debts and a "fresh start." Unlike a state court foreclosure, which is exclusively devoted to the marshalling of liens, a bankruptcy proceeding, including a sale under § 363, is intended to liquidate non-exempt property of the debtors and distribute the net proceeds to all creditors.

■ It is undisputed that a debtor's inchoate dower interest as determined under Ohio law becomes property of the bankruptcy estate. *In re Castor*, 99 B.R. 807, 811–812 (Bankr.S.D.Ohio 1989) ("where the husband and wife are joint debtors, the real estate and the inchoate dower right ... are assets of the bankruptcy estate"); *In re Wycuff*, 332 B.R. 297, 301 (Bankr. N.D.Ohio 2005) ("Upon the commencement of bankruptcy, a debtor's interest in dower becomes property of the bankruptcy estate."). It is also well established that a debtor in an Ohio bankruptcy case is only entitled to a $5,000.00 exemption from the value of the dower interest. *Castor*, 99 B.R. at 813 ($5,000.00 exemption in sale proceeds allowed from $5,076.00 total dow-

er value); *In re Hill*, 11 B.R. 217, 219–220 (Bankr.S.D.Ohio 1981) (total dower value of $1,500.70 held exempt as within the $5,000.00 exemption limit); *In re Miller*, 151 B.R. 800, 804 (Bankr.N.D.Ohio 1992) (exemption of $5,000.00 allowed for dower interest valued at $14,666.67); *Wycuff*, 332 B.R. at 302 (exemption of $5,000.00 allowed for dower interest valued at $7,080.55). There is simply no rational basis or authority for allowing a joint debtor in bankruptcy to retain the complete value of her interest in real estate while discharging the unpaid claims of unsecured creditors.

To reiterate, the plain language of § 522(f)(2)(A) does not allow for such a procedure and does not reference directly or indirectly that a Court should apply judicial sale priorities to the clear formula already set forth in the statute. Furthermore, the purposes of a judicial sale, whether under state law or § 363, are quite different than those under § 522(f). The purpose of a judicial sale is to deprive debtors of their property, liquidate it, and distribute the proceeds in accordance with certain lien or interest priorities. Under § 522(f), however, the debtors retain the property, but are allowed to bolster their "fresh start" by avoiding certain statutorily designated liens that may impair their exemptions.

Therefore, Debtors' novel interpretation of § 522(f) is simply untenable and the Bank's lien cannot be avoided in the manner they propose. The correct application of the § 522(f)(2)(A) formula as confirmed by the aforementioned Sixth Circuit case law is as follows: the Bank's Lien of $12,242.70 plus the aggregated mortgage amount of $151,639.89 plus the $10,000.00 exemptions allowed to the Debtors equals $173,882.59. That amount does not exceed the $175,000.00 scheduled value of the real

estate. Consequently, the Bank's Lien cannot be avoided in whole or in part.

Accordingly, Debtors' Motion is **DE-NIED.**

**SO ORDERED.**