**In re Mildred M. STUMP, Debtor.**

**Mildred M. STUMP, Plaintiff,**

**v.**

**The FIRST NATIONAL BANK OF SHELBY, et al., Defendants.**

**In re Rosanna M. STUMP, Debtor.**

**Rosanna M. STUMP, Plaintiff,**

**v.**

**The FIRST NATIONAL BANK OF SHELBY, et al., Defendants.**

**Bankruptcy Nos. 94–60417, 94–60418. Adv. Nos. 94–6121, 94–6120.**

United States Bankruptcy Court, N.D. Ohio.

May 2, 1995.

Charles W. Ewing, Hilliard, OH, for plaintiffs Mildred M. and Rosanna M. Stump.

Thomas J. Budd, II, Ashland, OH and Mansfield, OH, for defendant First Nat. Bank of Shelby.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

The matters before the court are motions for summary judgment filed by one of the defendants, First National Bank of Shelby (FNB), on complaints for turnover of property of the respective estates. The plaintiffs in the actions, Mildred M. Stump and Rosanna M. Stump, respectively, (together, Plaintiffs), each filed a response to FNB's motion. After conducting a hearing, the court took the matters under advisement.

### FACTS

Mildred M. Stump is married to James Michael Stump and has been his lawful wife at all times relevant to this matter. Rosanna M. Stump is married to Charles C. Stump and, likewise, has been his lawful wife at all times relevant to this matter. James Michael Stump, Charles C. Stump, Robert Stump and Leona M. Neff inherited two farms from their father as tenants in common. Sometime after the inheritance, FNB obtained a judgment lien on the interests in the farms of James Michael Stump and Charles C. Stump in an amount exceeding $240,000.00 plus interest.

On April 10, 1991, a partition action was filed in Crawford County Common Pleas Court by Robert Stump and Leona M. Neff seeking to sell the two farms. The Plaintiffs

were not made parties to that action. However, prior to the court-ordered partition sales of the two farms on August 20, 1993, the Plaintiffs requested protection of their respective dower rights in the proceeds of the sale. The sales of both farms produced total gross proceeds of $596,000.00.

The state court held $60,000.00 of the proceeds pending the resolution of the Plaintiffs' claim for dower. Before the issue was resolved, the Plaintiffs filed their respective petitions for relief under Chapter 12 of Title 11 of the United States Code. Because it was unaware of the pendency of the Plaintiffs' bankruptcy case and believed that each had failed to brief the issue of her entitlement to dower, the state court ordered the distribution of the $60,000.00 to FNB. The Plaintiffs then filed the present actions in this court for turnover of the amount representing their respective dower rights in the properties.

The parties have agreed that the only issue presently before the court is whether the Plaintiffs are entitled to receive a portion of the proceeds of the partition sales relating to their respective dower rights. The determination of the amount to which each is entitled, if any, is reserved for a later date.

### DISCUSSION

The court has jurisdiction in this adversary proceeding by virtue of 28 U.S.C. § 1334(b) and General Order No. 84 entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (E). This Memorandum of Decision constitutes the court's findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052.

The parties do not dispute the fact that each of the Plaintiffs acquired dower rights in the two farms, pursuant to Ohio Revised Code Section 2103.02, upon the inheritance of an undivided interest in them by the respective husbands.[1] Counsel for FNB argues, however, that the Plaintiffs' dower rights were extinguished by the partition sales and that neither is entitled to receive any of the proceeds.

■ Initially, the court notes that the Plaintiffs' dower rights in the two farms themselves were extinguished as a result of the partition sales as a matter of public policy. *Weaver v. Gregg*, 6 Ohio St. 547, 552 (1856). The public policy of rendering estates available to their owners without sacrifice of their value by a sale of necessity is deemed to be more important than preserving in all situations a wife's contingent right to dower. *Id.* Thus, the focus shifts to the Plaintiffs' entitlement to a portion of the proceeds from the sales if their respective dower rights are recognized.

■ The Ohio Revised Code provides that a spouse is entitled to receive compensation for the loss of dower rights, whether inchoate or consummate, from the proceeds of a judicial sale. Ohio Rev.Code Ann. § 2103.041 (Baldwin 1994). It also provides that a "surviving spouse" is entitled to receive compensation equal to the "just value" of any dower rights lost as a result of a partition sale. Ohio Rev.Code Ann. § 5305.15 (Baldwin 1994). Counsel for the Plaintiffs argues that "surviving spouse" means merely that the spouse must be living at the time of the partition sale to be entitled to compensation for loss of dower rights. The court's reading of that section, however, leads it to conclude that "surviving spouses" as used in Section 5305.15 means that at the time of the partition sale, such spouse must be living and the marital partner must be deceased.[2] Accordingly, neither of the Plaintiffs qualifies as a "surviving spouse" under Section 5305.15 and that section provides no support for their

---

**1.** "A spouse who has not relinquished or been barred from it shall be endowed of an estate for life in one third of the real property of which the consort was seized as an estate of inheritance at any time during the marriage ..." Ohio Rev. Code Ann. § 2103.02 (Baldwin 1994).

**2.** Under Section 5305.07, the sheriff is directed to place the "surviving spouse" in full possession of the dower assigned. A spouse is not entitled to possession of the real estate in which such spouse claims dower until the marital partner is deceased. Thus, to be a "surviving spouse," the spouse must be living and the marital partner must be deceased at the time the spouse files a petition for dower. If the marital partner is not deceased, the spouse would not be entitled to possession of the property.

position. However, because it believes that Sections 2103.041 and 5305.15 represent codifications of prior Ohio case law, the court will look to that prior judicial authority for a more complete understanding of the parties' rights under the facts of this case.

■ Courts have held that a spouse is entitled to receive the present value of any dower rights from the proceeds of a judicial sale of the related property but not from the proceeds of a partition sale or condemnation action under eminent domain. *Black v. Kuhlman*, 30 Ohio St. 196 (1876) (holding that a third mortgagee was entitled to receive the proportionate value of the mortgagor's wife's inchoate right of dower upon the distribution of the proceeds of a judicial foreclosure sale of the property, even though the net proceeds of the sale were insufficient to satisfy the two prior mortgages, because only the third mortgagee had obtained a release of the wife's dower rights); *Weaver v. Gregg*, 6 Ohio St. 547, 552 (1856) (holding that the partition sale of real estate divests the wife of a cotenant of the property of her inchoate right of dower); *Long v. Long*, 99 Ohio St. 330, 336–37, 124 N.E. 161 (1919) (holding that a wife with an inchoate right of dower has no right to participate in the fund arising from an action in condemnation of the related real estate). In *Weaver* and *Long*, the Supreme Court of Ohio held that the wife's only interest in the related proceeds was her right to a distributive share of those proceeds at the death of her husband. This court has held that a wife could claim a homestead exemption based on her inchoate dower rights in a home titled only in the name of her husband. *In re Miller*, 151 B.R. 800, 802 (Bankr.N.D.Ohio 1992).

■ It is important to look at the reasoning of these cases to understand their holdings. In determining whether to compensate a spouse's loss of inchoate dower, courts have looked to whether such compensation will permit the spouse to share twice in the proceeds of the sale of the property and if so, to prevent such a result. In the case of a partition sale or condemnation proceeding under eminent domain, the spouse would receive one share of the proceeds as compensation for the loss of inchoate dower and another share of the proceeds upon the death of the other spouse. *See Long* at 337–38, 124 N.E. 161. In judicial sales, courts have permitted compensation for the loss of inchoate dower "to save something for the wife out of property of the husband that has been wholly extinguished so far as the husband's interest is concerned, from which he will receive no compensation such as arises from cases of eminent domain or a sale in partition." *Long*, 99 Ohio St. 330, 338, 124 N.E. 161.

■ Although the present case involves a partition sale, the court believes that the Plaintiffs are entitled to receive a portion of the proceeds from the sales relating to their respective rights of dower in the two farms. Unlike the typical partition sale in which the cotenant husband would receive a portion of the proceeds in which his wife would share upon his death, the respective interests of James Michael Stump and Charles C. Stump in the proceeds have presumably been completely extinguished by the judgment lien of FNB. Thus, the present case is similar to one involving a judicial sale. The court cannot distinguish this case from one involving a judicial sale solely based on the fact that two of the cotenants of the farms brought the action to sell the properties before the judgment creditor could do so.

The court concludes that each of the Plaintiffs is entitled to compensation, in an amount to be later determined, out of the proceeds of the sales of the farms for the loss of her dower rights. An order in accordance with the foregoing shall issue forthwith.

### ORDER

For the reasons set forth in the accompanying Memorandum of Decision, the court finds that judgment should be, and hereby is, rendered in favor of the plaintiffs, Mildred M. Stump and Rosanna M. Stump, on their complaints filed for turnover of property of the estate.

A hearing to determine the amount to which each of the Plaintiffs is entitled as a result of this decision will be held before the

undersigned bankruptcy judge on **May 23, 1995 at 9:30 a.m.**

IT IS SO ORDERED.