DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants Daisy and Thomas Adams appeal from the Summit County Court of Common Pleas, which granted summary judgment to Appellees Southwest Capital Investments LLC and Show Homes, Inc. We affirm.
 {¶ 2} The City of Akron filed suit in the Summit County Court of Common Pleas to appropriate certain real property for public use and named as defendants all parties appearing to have an interest in the property. Defendant Southwest moved for summary judgment against Defendants Thomas and Daisy Adams, arguing that they had no interest in the property. The Adams responded that Thomas Adams had an ownership interest and Daisy Adams, as his wife, had a dower interest.
 {¶ 3} The trial court found that Thomas Adams had disclaimed any ownership interest in the property during a prior lawsuit, and was barred by res judicata from asserting such an interest in this case. The trial court also denied Daisy Adams' claim of a dower interest under multiple rationales, including a finding that an appropriation action divested any dower interest under Ohio law. Accordingly, the trial court granted summary judgment in favor of Southwest. The Adams timely appealed, asserting a single assignment of error for review.
 Assignment of Error
"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST DAISY AND THOMAS ADAMS WHERE THERE WAS NO EVIDENCE BEFORE THE COURT THAT DAISY ADAMS HAD BEEN A PARTY TO ANY PREVIOUS ACTION CONCERNING THE DIAGONAL ROAD PROPERTY SO THAT HER DOWER INTEREST HAD NOT BEEN VALUED, SATISFIED AND EXTINGUISHED."
 {¶ 4} The Adams allege that the trial court improperly granted summary judgment because Mrs. Adams retains a dower interest. We disagree.
 {¶ 5} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. We apply the same Court of Appeals of Ohio, Ninth Judicial District standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Norris v.Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 2. Summary judgment is proper if: (1) there exists no genuine dispute of any material fact; (2) the issue is therefore a matter of law; and (3) reasonable minds could come to but one conclusion, that being in favor of the moving party and adverse to the non-moving party. Civ.R. 56(C); Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 6} "One having an inchoate right of dower is neither a proper nor necessary party to an action in condemnation of real estate or any interest therein, in the exercise of the power of eminent domain." Long v. Long (1919), 99 Ohio St. 330, syllabus. See, also, In re Stump (Bankr.Ct. N.D. Ohio 1995),183 B.R. 775, 778. It is undisputed that the present action was an appropriation proceeding under eminent domain, and that Mrs. Adams' asserted right was based in dower. Therefore, this assertion is untenable as a matter of law. See id. Summary judgment was appropriate. The assignment of error is overruled and the decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
Slaby, P.J. Moore, J. Concur.